ELLIS N. CROW, Respondent, *v.* PATRICK J. GLEASON,
Appellant.

In order to make a money payment a part payment of a debt, so as to
take the case out of the operation of the Statute of Limitations, it must
appear that the payment was made upon the particular debt, and was
accepted by the creditor as such, and also that it was accompanied by cir-
cumstances amounting to an absolute and unqualified acknowledgment
by the debtor that more was due, so that a promise to pay the remainder
may be inferred ; mere proof of payment, without anything to show on
what account or for what reason the money was paid, is of no avail to
defeat the operation of the statute.

In an action brought April 28, 1890, to recover for the use of horses from
April 26, 1875, to November, 1885, plaintiff's ledger showed payments at
different times, the last one being credited November 13, 1885. Plain-
tiff never presented a statement of the general account to defendant,
and so far as appeared never mentioned it to him. Bills were presented
to defendant after the middle of April, 1884, to the end of the account
for horses let during the previous week or month, upon which pay-
ments were made. It· did not appear that defendant knew or believed
that he owed the plaintiff any account that antedated the date last
mentioned. *Held*, that all of the account prior to April 28, 1884, was
barred by the statute.

(Argued February 26, 1894; decided March 6, 1894.)

APPEAL from judgment of the General Term of the
Supreme Court in the first judicial department, entered upon
an order made October 20, 1892, which affirmed a judgment
in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Jesse Johnson* for appellant. The evidence that plaintiff kept
correct books of account was error. (Abb. Tr. Ev. 322–324; 1
Greenl. on Ev. § 118; 1 Whart. on Ev. §§ 678–700; *Tomlin-
son* v. *Borst*, 30 Barb. 42; *Vosburgh* v. *Thayer*, 12 Johns.
461; *Burke* v. *Wolf*, 6 J. & S. 271.) The plea of payment is
fully sustained by the evidence. (*Decker* v. *Livingston*, 15
Johns. 479; *Patterson* v. *O'Hara*, 2 E. D. Smith, 58; Abb.
Tr. Ev. 809.) All of the plaintiff's account prior to the 15th

day of April, 1884, was clearly barred by the Statute of Limitations. (Code Civ. Pro. § 382; *Green* v. *Disbrow*, 79 N. Y. 1; *Ross* v. *Ross*, 6 Hun, 80; Abb. Tr. Ev. 824; *Smith* v. *Ryan*, 66 N. Y. 352, 356; *Kelly* v. *Webber*, 27 Hun, 8; *Pickett* v. *King*, 34 Barb. 193; *Miller* v. *Talcott*, 46 id. 167; *Harper* v. *Farley*, 53 N. Y. 442; *Albro* v. *Figuera*, 60 id. 630.) There is no warrant for allowing interest on this account prior to the commencement of this action. (*Carricarti* v. *Blanco*, 121 N. Y. 230; *White* v. *Miller*, 78 id. 393.)

*Edwin R. Leavitt* for respondent. The proof required by the rules of evidence for the introduction of a party's regular books of account, kept by his bookkeeper in the usual course of his business, being here the respondent's ledgers, was properly given and amply sufficient for their admission in evidence, and there was no error in receiving them, irrespective of the stipulation between the parties. (*Vosburgh* v. *Thayer*, 12 Johns. 462; *Beatty* v. *Clark*, 44 id. 126; *Tomlinson* v. *Borst*, 30 Barb. 42; *Stroud* v. *Tilson*, 4 Abb. Ct. App. Dec. 324; *McGoldrick* v. *Traphagen*, 88 N. Y. 334; *Ives* v. *Waters*, 30 Hun, 297; *Taggart* v. *Fox*, 11 Daly, 159; *Winants* v. *Sherman*, 3 Hill, 74; *Low* v. *Payne*, 4 N. Y. 247; *Dewey* v. *Hotchkiss*, 30 id. 497.) While it is contended that even without the stipulation respondent gave the requisite preliminary proof for the proper admission of his ledgers, yet his proof was insufficient. (*Cobbs* v. *Wells*, 124 N. Y. 81.) The amount of the horse hire and the items of cash payments were undisputed; with the exception of a few small sums of money, which appear as credits upon some of the receipts in evidence, and for which the referee allowed him credit, appellant did not prove, or attempt to prove, the payment of the balance claimed due, nor did he disprove the payments made after 1884, which are credited generally on the account, and which, if anything were necessary to do so, alone take the case out of the statute. (*Riley* v. *Mayor, etc.*, 96 N. Y. 331.) The evidence showed that the items in the account prior to

six years before the commencement of the action were not barred by the Statute of Limitations. The Statute of Limitations does not, after the prescribed period, destroy, discharge or pay the debt, but it simply bars the remedy thereon. The debt and the obligation to pay the debt remain, and the arbitrary bar of the statute alone stands in the way of the creditor seeking to compel payment. (*Hurlburt* v. *Clark*, 128 N. Y. 297; *Van Kewen* v. *Parmelee*, 2 id. 256; *Johnson* v. *A., etc., R. R. Co.*, 54 id. 416.) A partial payment of a debt by the debtor to his creditor takes the claim out of the statute and revives the debt as effectually as an acknowledgment in writing signed. (*Gardner* v. *Gardner*, 19 Wkly. Dig. 249; *Nostrand* v. *Ditmis*, 127 N. Y. 355; *Lawrence* v. *Harrington*, 122 id. 415.) The doctrine of the application of payments, if necessary to be invoked, is directly in point in the respondent's favor. (*Pursell* v. *Fry*, 19 Hun, 595; *Smith* v. *Viele*, 60 N. Y. 106; *Denise* v. *Denise*, 110 id. 562; *Bowe* v. *Gano*, 9 Hun, 6; *Van Rensselaer* v. *Roberts*, 5 Den. 470; *Bank of California* v. *Webb*, 94 N. Y. 467; *Jones* v. *Benedict*, 83 id. 87; *Thompson* v. *S. N. Bank*, 113 id. 326, 333; *Allen* v. *Culver*, 3 Den. 290; *Robinson* v. *Allison*, 36 Ala. 525; *Seymour* v. *Marvin*, 11 Barb. 90; *Green* v. *Disbrow*, 79 N. Y. 6; *Mills* v. *Davis*, 113 id. 243; *Raux* v. *Brand*, 90 id. 311; *Eno* v. *Diefendorf*, 102 id. 721.) The allowance of interest was not error. (*White* v. *Miller*, 78 N. Y. 396; *Robbins* v. *Carll*, 93 id. 657; *McMahon* v. *N. Y., etc., R. R. Co.*, 20 id. 463; Sedg. on Dam. § 399, p. 437; *Little* v. *Banks*, 85 N. Y. 267; *Foster* v. *Newburgh*, 66 Barb. 645; *Carricarti* v. *Blanco*, 121 N. Y. 230; *Green* v. *Disbrow*, 79 id. 9; *Kinburg* v. *N. Y. E. R. Co.*, 138 id. 638.) The exceptions to the findings of fact raise no question in this court, unless there is such an absence of evidence that the court can say, as matter of law, that the facts found were unproven when they can be reviewed as rulings upon questions of law. (Code Civ. Pro. §§ 992, 993; *Thompson* v. *Hazard*, 120 N. Y. 634; *Avery* v. *N. Y. C. R. R. Co.*, 121 id. 31.)

EARL, J.    This action was brought to recover for the use of horses let by the plaintiff to the defendant during all the years from the 26th day of April, 1875, to some time in November, 1885.   The plaintiff claims in his complaint that the whole sum for the hire of his horses was upwards of $12,000, upon which the defendant had paid him upwards of $10,000, leaving a balance due him of about $2,000.   The defendant in his answer denied that he had had the use of plaintiff's horses to the amount claimed by him; denied that there was anything due the plaintiff, and alleged that he had paid him in full.   He also set up the Statute of Limitations.   The action was commenced on the 28th day of April, 1890.

We will assume that the plaintiff's account for the use of his horses was sufficiently proved.   But we are of opinion that upon the undisputed evidence all of the account prior to the 28th day of April, 1884, was barred by the Statute of Limitations.

The referee found that the last item of debit in the account was for horses furnished on the 4th day of November, 1885, and he found that the last payment made by defendant to plaintiff on account of the horse hire was $7.00 paid November 13th, 1885, which was duly credited on the account, and that that sum was a payment upon the balance of the entire account.   He further found that each and every payment made by the defendant to the plaintiff on account of the horses hired to the defendant was applied by the plaintiff upon the entire balance due therefor on the date of such payment, and was credited generally by the plaintiff upon the account; that the defendant never made any application nor requested plaintiff to make any application of any of the payments upon account of any particular portion of the horse hire, nor upon any particular portion of the indebtedness; and he found that no part of plaintiff's claim was barred by the Statute of Limitations.

The contention of the plaintiff is that the whole account is saved from the bar of the Statute of Limitations by part payments, and in that way only.

In order to make a money payment a part payment within the statute, the burden is upon the creditor to show that it was a payment of a portion of the admitted debt, and that it was paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. Part payment of a debt is not of itself conclusive to take the case out of the statute. In order to have that effect it must not only appear that the payment was made on account of a debt, but also on account of the debt for which action is brought, and that the payment was made as a part of a larger indebtedness, and under such circumstances as warrant a jury in finding an implied promise to pay the balance. If it be doubtful whether the payment was a part payment of an existing debt, more being admitted to be due, or whether the payment was intended by the party to satisfy the whole of the demand against him, the payment cannot operate as an admission of a debt so as to extend the period of limitation. If there be a mere naked payment of money without anything to show on what account, or for what reason the money was paid, the payment will be of no avail under the statute. The payment must be made under such circumstances as to show a recognition of a larger debt remaining unpaid. These rules, in varying phraseology, are laid down and illustrated in many authorities. (Abbott's Trial Ev. 824; 1 Wood on Limitations, 271, *et seq.; Harper* v. *Fairley,* 53 N. Y. 442; *Albro* v. *Figuera,* 60 id. 630; *Smith* v. *Ryan,* 66 id. 352.)

Now what have we here? There is no proof whatever of the circumstances under which the $7.00 was paid on the 13th of Nov., 1885. There was no proof even aside from the plaintiff's ledger in which it was credited that it was ever paid. The finding of the referee that the plaintiff credited all of the numerous payments made by the defendant during all the years upon the account generally is of no moment. The question is not how he applied the payments, but how the debtor intended they should be applied and understood

they were applied. And even if it be true that the defendant never made any particular direction as to how the payments should be applied, that is not sufficient to save the bar of the statute, unless the plaintiff can show that they were made by the defendant consciously to apply upon the whole account, and in recognition of the whole account.

Now what are the facts here bearing upon these payments? The plaintiff himself testified that he never presented a statement of the account to the defendant. So far as the evidence discloses he never mentioned the general account to the defendant and asked of him any payment thereon, and it does not appear that he ever brought the general account to the mind of the defendant at the time of any payment. On the contrary, every bill presented to the defendant, from the middle of April, 1884, to the end of the account, was generally for horses let to the defendant during the previous week, and sometimes during the previous month. So far as the evidence discloses every bill presented to the defendant for payment was a bill for a specified time upon which the defendant made his payment. There is no satisfactory evidence in this case that the defendant knew or believed that he owed the plaintiff any account which antedated the middle of April, 1884. If we assume that the defendant had all the horses charged to him on the plaintiff's ledger from April 1st, 1884, to November 15th, 1885, and that he made all the payments credited to him in that ledger, we then have the fact that all the payments were less by more than one hundred dollars than the amount he owed for horses hired during the same period. So that there were no payments within the six years prior to the commencement of the action which are necessarily to be applied upon the whole account existing prior to that time. So far as we can discover, therefore, in this evidence, there is no warrant whatever for finding that the defendant made or intended to make any payment during the six years prior to the commencement of this action to apply upon any account for horse hire existing at an earlier date.

We are not satisfied with the conclusion reached by the

referee.  The case should go back for a new trial, when, if possible, the plaintiff may make such proof as will, within the rules of law above stated, save the whole of his account from the bar of the Statute of Limitations.  Upon the record as it now appears he has failed to do that, and the judgment must be reversed, and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.