(15 App. Div. 216.)

### RYAN v. McELROY.

(Supreme Court, Appellate Division, Third Department. March 12, 1897.)

1. LIMITATION OF ACTIONS—PART PAYMENT—EVIDENCE.
    Payment of wages to a housekeeper, so as to take her claim therefor out of the statute of limitations, is not shown merely by evidence that on several occasions her employer handed her money, since such money might well have been for household expenses.

2. EXECUTORS—LIABILITY FOR COSTS—UNREASONABLE RESISTANCE OF CLAIM.
    The claim of a decedent's housekeeper for wages amounting to $1,620 was not "unreasonably resisted" by the executor, so as to render him liable for costs (Code Civ. Proc. § 1836), where payment was never demanded of the decedent, and the executor had the claim reduced more than $200 before the referee, and $325 in addition thereto on appeal.

Appeal from judgment on report of referee.

Claim by Bridget Ryan against John E. McElroy, as executor of the will of Philip Moore, deceased, for wages as housekeeper for decedent. The only evidence of payment of wages to plaintiff by decedent was that of witnesses who had on several occasions seen decedent hand her money. From a judgment in favor of plaintiff for $1,407 and costs, defendant appeals. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Mills & Bridge (George M. True, of counsel), for appellant.
Delaney & Potter (Peter A. Delaney of counsel), for respondent.

HERRICK, J.  The plaintiff was permitted by the referee to re-cover for the value of her services from the 1st day of October, 1886, to the 20th day of October, 1895.  I think this was error.  The money given to the plaintiff by the deceased, and which was apparently relied upon to take the claim out of the statute of limitations, was not paid under such circumstances as to warrant the inference that it was a payment on account of the plaintiff's services, or an acknowledgment of any debt due from the deceased to the plaintiff. Crow v. Gleason, 141 N. Y. 489, 36 N. E. 497.  The plaintiff was acting as a general housekeeper and woman of all work for the deceased, and the moneys given by him to her can be as well inferred to have been given to her to meet the household expenses, as that they were in payment for services rendered.  The testimony is very meager and unsatisfactory, and wholly insufficient to base a finding that they were payments made by the deceased, and received by the plaintiff, in payment or part payment of the services rendered by her.  For these reasons, the recovery of the plaintiff should be limited to a period of six years prior to the death of the deceased.  The referee has apparently determined the value of the plaintiff's services to have been $180 per year, which for the term of six years would amount to $1,080, to which amount, with interest thereon from October 20, 1895, the recovery should be limited.

The referee also erred in awarding the plaintiff costs.  Section 2718 of the Code of Civil Procedure provides that where the claim is referred, as in this case, in determining the question of costs the referee shall be governed by sections 1835 and 1836 of the Code of Civil Procedure.  Section 1836 provides that costs shall not be awarded unless the payment of the claim was unreasonably resisted or neglected.  In this case it does not seem to me that payment of the claim was unreasonably refused.  So far as appears from the record, the plaintiff never made any demand or request for payment of her claim, or any part of it, during the lifetime of the deceased. So far as the case shows, the first that was ever known that she claimed to have any account against the deceased was upon her presentation of the same to the defendant.  The claim presented was for the sum of $1,620, with interest from October 20, 1895.  Upon the hearing before the referee, this claim was materially reduced. It cannot be said, it seems to me, that under such circumstances it can be held that the refusal of the executor to pay was unreasonable.  The judgment should therefore be further modified by striking therefrom the allowance of costs.

With the modifications above made, the judgment should be affirmed, without costs of this appeal to either party.  All concur.