## WELSH v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.   December 18, 1900.)

STREET CLEANER—ACTION AGAINST CITY FOR EXTRA SERVICES—LIMITATIONS.
   Payment by the city of New York of weekly fixed wages of a street
   cleaner will not save from the operation of the statute a claim for extra
   services rendered before such payments, to which he was entitled under
   Laws 1892, c. 415.

Action by John Welsh against the city of New York to recover extra compensation as a driver in the street-cleaning department, under Laws 1892, c. 415.  Judgment for plaintiff.

Hunt & Ingle, for plaintiff.
John Whalen and Chas. Blandy, for defendant.

McADAM, J.   The plaintiff was appointed a cleaner in the street-cleaning department, and from May 2, 1892, to September 21, 1896, served in that capacity, receiving for his services $50 a month, which was paid to him weekly, and for which he gave receipts on the pay roll as each payment was made.   The act of 1892 (chapter 415), under which the plaintiff was appointed, provides that:

"Whenever he shall deem it necessary, the said commissioner may require any driver to work overtime, in which event such driver shall be entitled to receive extra and additional compensation at the rate of 25 cents per hour for each and every hour of said overtime."

It appears that the department, having been limited in the number of men to be employed, was required to exact from those on the pay roll a constant performance of extra labor.   In this instance the plaintiff was compelled on Saturdays and Mondays to work five hours extra, and on the balance of the week three hours extra, all of which the commissioner decided necessary in order to properly remove the rubbish from the streets over which the plaintiff's route extended.   The dinner hour, 12 to 1, has not been counted, because this hour was to enable the plaintiff to take his dinner and to feed his horse,—an incident to the duties of every driver.   The plaintiff waived all claim to compensation after April 26, 1894, to avoid the question whether the portion of the act of 1892 relied upon was not repealed on that day.   The demand on the city for this extra compensation was made February 8, 1900, and the present action is to recover the same.   The defendant pleaded that any claim for services prior to February 8, 1894, was barred by the statute of limitations, while the plaintiff claimed that the weekly payments to him by the city up to September 21, 1896, prevented the running of the statute.   As to such extra services prior to February 8, 1894, the statute forms a complete bar.   Code, § 382.   The payments made by the city were not made on account of such extra work or in recognition thereof, but specifically as wages earned by the plaintiff at the rate of $50 a month under his contract of employment.   The plaintiff made no claim for extra compensation then, and no doubt he, as well as the city, believed at the time that he was receiving all he was entitled to demand.   The law is clear that:

"In order to make a money payment a part payment within the statute, the burden is upon the creditor to show that it was a payment of a portion of the admitted debt, and that it was paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. Part payment of a debt is not of itself conclusive to take the case out of the statute. In order to have that effect, it must not only appear that the payment was made on account of a debt, but also on account of the debt for which action is brought, and that the payment was made as a part of a larger indebtedness, and under such circumstances as warrant a jury in finding an implied promise to pay the balance. If it be doubtful whether the payment was a part payment of an existing debt, more being admitted to be due, or whether the payment was intended by the party to satisfy the whole of the demand against him, the payment cannot operate as an admission of a debt, so as to extend the period of limitation. If there be a mere naked payment of money, without anything to show on what account or for what reason the money was paid, the payment will be of no avail under the statute. The payment must be made under such circumstances as to show a recognition of a larger debt remaining unpaid."

Crow v. Gleason, 141 N. Y., at page 493, 36 N. E. 497; Adams v. Olin, 140 N. Y. 150, 35 N. E. 448. See, also, 1 Wood, Lim. Act. p. 272, § 97; Pulver v. Esselstyn, 22 Misc. Rep. 429, 50 N. Y. Supp. 756.

The plaintiff receipted on the pay roll for each payment as it was made, and this roll simply credited the plaintiff with the fixed wages belonging to his position. The city by such payments did not acknowledge or in any manner recognize the existence of any claim for extra compensation, and in all probability never knew or suspected that such a claim existed. These payments did not amount to an admission that more was due, and cannot operate as an acknowledgment of any still existing debt. Ang. Lim. Act. p. 305, note. The city was not an impecunious debtor, compelled to make payments in installments or on account, and supposed and had every reason to believe that it was paying the plaintiff in full. It would be absurd to hold that such payments saved a demand from the operation of the statute of limitations.

The plaintiff is entitled to recover from February 8, 1894, to April 24, 1894, and for this period of time his claim, upon the proofs, amounts to $57.75.