(109 App. Div. 398)

GREENWOOD v. JUDSON.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

1. EXECUTORS AND ADMINISTRATORS—CLAIM FOR SERVICES—INTENTION—RELATIVES.

Where plaintiff, who for 14 years had been a school teacher, receiving $8 per week, was induced by her uncle to cease teaching and to assist him in managing his business, which she did for a period of 18 years,

when he died, and payments were made to her at various times "on account of services," such facts sufficiently showed that both parties intended that the services were not gratuitous, but should be paid for.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 733; vol. 50, Cent. Dig. Work and Labor, §§ 11½, 22.]

2. LIMITATION OF ACTIONS—IMPLIED AGREEMENT—TIME OF PAYMENT.

In an action for work and labor, the law will not imply an agreement that the payment was to be deferred until the services terminated; and where plaintiff, who had been receiving $8 per week as a school teacher, ceased teaching and went to work for her uncle, since deceased, assisting him in his business, at his solicitation, and there was some proof that he expected to pay double what she received as a school teacher, she could have sued to recover for her services at the end of each week.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, §§ 280, 283.]

3. SAME—ACCOUNT—PAYMENTS.

Where deceased employed plaintiff to render services for him in his business in 1884, and she continued to render such services until decedent's death in March, 1902, and from September, 1887, to 1900, decedent kept a book in which entries of payments to plaintiff were made, plaintiff's claim for the balance due her was not barred by limitations.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, §§ 285–287.]

McLennan, P. J., dissenting.

Appeal from Judgment on Report of Referee.

Action by Alice M. Greenwood against Edward B. Judson, as administrator of the estate of Myron C. Merriman, deceased. From a judgment in favor of plaintiff on a referee's report, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Irving D. Vann, for appellant.
George W. Driscoll, for respondent.

SPRING, J. The plaintiff had been for 14 years a country school teacher receiving $8 per week. She was the niece of Myron C. Merriman, who was a man of intelligence possessing considerable property, but very deaf and somewhat eccentric. He needed some one to assist him in his business transactions, and importuned the plaintiff to cease her school teaching and come into his service. She finally in 1884 assented to his request, and until his death, March 29, 1902, at the age of 83 years, she remained with him almost constantly. During that period she was faithful, methodical, and attentive to his business, which was extensive. She represented him in his transactions, accompanied him when away from his office, and he evidently relied upon and trusted her implicity. While honest and of good purposes, he was annoying, blunt, aggressively talkative, and difficult to get along with. The plaintiff presented a claim to the defendant after the death of Merriman, who left a will, aggregating $9,331, and upon which she admitted payments to the amount of $2,943.01, leaving a balance of $6,387.09, which has been substantially allowed by the referee. The claim presented is divided into periods. From January 1, 1885, to April 1, 1888, she charged $16

per week; from April 1, 1888, to October 15, 1891, $10 per week; and from January 1, 1892, to March 29, 1902, $9 per week. There was no actual division between the first two subdivisions of the claim, but the amount of service rendered was not identical. The account is apparently a meritorious one, and the charges made were reasonable, in view of her previous compensation and the character of her services and her fidelity to the testator. It is also obvious that Mr. Merriman expected to pay the plaintiff for her services. The correspondence discloses that intention. She was dependent upon her own labors for her livelihood. It is not credible that she suspended her school teaching and became the confidential adviser and mouthpiece of her uncle in his perplexity, merely because of affection for him or by reason of their relationship. She came and remained at his earnest solicitation, and she anticipated that she was to be recompensed.

The only question, and it is not free from difficulty, is whether the major part of the claim is barred by the statute of limitations. The evidence does not disclose that there was any definite understanding as to the length of time the employment was to continue or as to the amount of compensation to be paid, except there is a little proof from which the deduction may be made that he expected to pay double what she was then receiving as school teacher. The law will not imply an agreement that the payment was to be deferred until the services terminated. Matter of Application of Gardner, 103 N. Y. 533, 9 N. E. 306, 57 Am. Rep. 768. She could have sued Merriman to recover for her services at the end of each week. Matter of Goss, 98 App. Div. 489, 90 N. Y. Supp. 769.

It is contended that payments were made from time to time by the testator toward these services, and for that reason the claim has been kept in existence during the whole period, and the referee has allowed the payments contained in the account presented. These items embodied in her claim are mere admissions binding upon her, but are, of course, not available for the purpose of establishing the validity or extent of her demand. The testator in an imperfect, ambiguous way kept in a small book items of payments made to the plaintiff. These extended from December, 1887, to 1900. The first is, "To Alice, 20 inst., $100," and usually there is no entry as to the account upon which the payment was to be applied. One entry, under date of May 25, 1894, is, "On account of services, Alice, $20." Some of the entries are blurred, and some of them are "Cash to Alice," or "For Alice." While there were one or two other transactions between these two people, the evidence fairly shows that these matters were all adjusted and the manner of their adjustment appears. There was, therefore, apparently no other claim to which these payments related, except the one for services. The one entry, "On account of services, Alice, $20," is significant. It denotes he recognized she was in his employment, and that there was an existing account in her favor for the services she was rendering. Witnesses also testified to payments of money made to the plaintiff by Mr. Merriman, and in one instance he accompanied the payment with the remark, "It makes Alice good-natured to pay her money."

The plaintiff was married in the fall of 1891, and her husband died two months later. During her married life she rendered no service to Mr. Merriman, but on January 1st following she returned to his office. The appellant's counsel urges with much force that the marriage ended the period of service, and the employment thereafter was a new, distinct engagement. The parties, however, do not appear to have attached any such interpretation to the subsequent employment. The payments made by Mr. Merriman give no indication that the old relation had ended and an entirely new one had been established. The entries are continuous, and the payments seem to have been applied toward the payment of the account generally. The closeness of the relations of these parties and the thrift of the plaintiff may be responsible in some measure for the unsatisfactory condition of the accounts on Mr. Merriman's part and for the running of the claim unsettled during the whole period she was working for her uncle.

We start with a claim not fictitious, not one which cannot withstand the scrutiny and investigation justly meted out to demands against the representatives of a decedent, but one that is meritorious and reasonable in the compensation charged, and presented by one on whom the testator confidently relied. She accompanies her claim with a statement of the payments. She produces in support of the validity of her account credits and entries and payments made by the testator, which must either have been gifts or intended to apply on this demand. We think the judgment should be affirmed.

Judgment affirmed, with costs. All concur, except McLENNAN, P. J., who dissents in opinion and NASH, J., as to part of claim accruing subsequent to January 1, 1892.

McLENNAN, P. J. (dissenting). I dissent upon the ground that there is no evidence which proves or tends to prove that any payment was made by the decedent upon plaintiff's "claim" against his estate, and therefore that said claim, except that portion of it which arose within a period of six years prior to the commencement of the action, is barred by the statute of limitations, except as the time within which such action may be commenced is extended by section 403 of the Code of Civil Procedure. Whether the action was commenced within the time prescribed by the statute is purely a question of law, and should be determined without reference to the fact, assuming it to be true, as stated in the prevailing opinion, that the claim is not fictitious, "not one which cannot withstand the scrutiny and investigation justly meted out to demands against the representatives of a decedent, but one that is meritorious and reasonable in the compensation charged, and presented by one on whom the testator [the deceased] confidently relied." The rule which should control the determination of the question of law in that regard was very clearly stated by the late Judge Earl in the case of Crow v. Gleason, 141 N. Y. 489, 493, 36 N. E. 497, as follows:

"In order to make a money payment a part payment within the statute, the burden is upon the creditor to show that it was a payment of a portion of the admitted debt, and that it was paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified ac-

knowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. Part payment of a debt is not of itself conclusive to take the case out of the statute. In order to have that effect it must not only appear that the payment was made on account of a debt, but also on account of the debt for which action is brought, and that the payment was made as a part of a larger indebtedness, and under such circumstances as warrant a jury in finding an implied promise to pay the balance."

The evidence does show that during the period the plaintiff was in the employ of the decedent he paid to her moneys at different times. Some of such payments were concededly presents. Others of them represented amounts which were due and owing to her by reason of transactions wholly independent of any claim for services rendered to the decedent by the plaintiff. We think the evidence wholly fails to show that any payment so made was made in part payment for services rendered; that it would be the merest speculation to say that any payment shown by the evidence to have been made to the plaintiff was not a gift, or did not have reference to some other transaction than a payment to apply upon her claim for services. The evidence does establish conclusively that the services complained for were rendered, that they were rendered under circumstances which were disagreeable and annoying to the plaintiff, and that she was faithful in the discharge of her duties as the decedent's employé; but we fail to discover how, under the law, such circumstances can have any bearing upon the question as to whether or not a payment had been made upon such claim by the deceased at such time as would prevent the statute running against it, within the rule stated by Judge Earl. If the services had been rendered under circumstances entirely agreeable and of the most congenial character, and even at the solicitation of the decedent, the question here presented, to wit, whether such claim was barred by the statute of limitations, would be in no manner changed. But as bearing upon the merits it can hardly be improper to suggest that it is somewhat singular that the decedent, a man with an estate of nearly a quarter million dollars, and with his traits of character, should have permitted an indebtedness to accumulate against him for over $7,000, extending over a period of 15 years, in favor of the plaintiff, a poor girl who had entered into his employ at his earnest solicitation; the inducement being that she could earn more money in such capacity than by teaching school.

Upon the evidence in the case the natural desire is that the plaintiff should succeed; that she, having spent so many years of her life in service so disagreeable to her and at the same time so useful and essential to the decedent, should be liberally compensated. We think, however, that those circumstances or conditions should have no influence in determining the question of law, whether the claim presented or any part of it was barred by the statute of limitations, because, if not, then a claim which is less meritorious, so far as the rendition of the services and the character of such services is concerned, must likewise be held not to be barred by the statute. We think the record will be searched in vain for evidence tending to show that a single payment of money was made by the decedent to the plaintiff to apply upon the claim in question, "and that it was paid and accepted by him [her] as such, accompanied by circumstances amounting to an absolute and unqualified ac-

knowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder." We think that it should be held as matter of law that the plaintiff did not show herself entitled to recover for services rendered for the decedent beyond the time limited by the statute of limitations, and, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide event.