## CAHN v. REILLY.

(Supreme Court, Appellate Term.   December 16, 1908.)

1. LIMITATION OF ACTIONS (§ 195*)—ACKNOWLEDGMENT—BURDEN OF PROOF.

The burden was on one relying upon a payment to save an account from the bar of limitations to show payment, and that it was accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of a balance due, from which a promise may be inferred to pay the remainder.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 716; Dec. Dig. § 195.*]

2. LIMITATION OF ACTIONS (§ 197*)—ACKNOWLEDGMENT—EVIDENCE—SUFFI-CIENCY.

That a debtor told his creditor to "continue" an old account and that he paid a specified sum "on account" insufficiently shows an acknowledgment by the debtor of a balance due, from which a promise may be inferred to pay the remainder, so as to save the account from the bar of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 725; Dec. Dig. § 197.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Charles Cahn against James P. Reilly.   From a judgment for plaintiff, defendant appeals.   Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Edward J. Maroney, for appellant.

Louis E. Salmon, for respondent.

FORD, J.   Plaintiff sues for the balance due on an account which was opened in 1882.   The defendant is a fireman.   The account stopped in 1886, when defendant's connection with the fire department ceased.   On his return to the department in 1898 he told plaintiff "to continue the account."   Plaintiff claims that on March 4, 1902, defendant paid him $3, and he relies on this payment to save the account from the bar of the statute of limitations.   Plaintiff says the defendant "paid on account; that is all.   He says: 'There is $3 on account.'"

The burden was on the plaintiff to show the payment, and that it was accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder.   The plaintiff has not sustained this burden, and on the authority of Crow v. Gleason, 141 N. Y. 489, 36 N. E. 497, the judgment should be reversed, and a new trial ordered. with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.