In the Matter of the Judicial Settlement of the Estate of ESTHER J. W. SUTTON, Deceased. HENRY J. WILLIAMS, as Administrator, etc., of ESTHER J. W. SUTTON, Deceased, Appellant; MARY SUTTON LAKIN, Respondent.

(Supreme Court, Third Department, November 12, 1913.)

DECEDENT'S ESTATE—CLAIM FOR SERVICES RENDERED DECEDENT— EVIDENCE— PRESUMPTION THAT SERVICES WERE NOT GRATUITOUS—WHEN PAYMENT SUFFICIENT TO TAKE CASE OUT OF STATUTE OF LIMITATIONS.
    Claim against an administrator for domestic services performed for the decedent. Evidence examined, and held, that the finding of the surrogate that the services were rendered at the request of the intes-

tate and were of the value as found by him should be sustained, but the decree should be modified so as to reduce the claim by a certain portion thereof barred by the Statute of Limitations.

The fact that the claimant was a niece of the intestate's husband did not raise a presumption that her services were gratuitous.

A payment to take a case out of the Statute of Limitations must be made under such circumstances as to indicate an intention on the part of the person making the same to recognize the existence of the debt.

APPEAL by Henry J. Williams, as administrator, etc., from a decree of the Surrogate's Court of the county of Delaware, entered in the office of said surrogate on the 21st day of October, 1912, in so far as it adjudges the claimant Mary Sutton Lakin to be entitled to the sum of $598 from said estate.

Edward E. Conlon, for the administrator.

Alexander Neish, for the claimant.

SMITH, P. J.—The claimant presented to the administrator a claim for $790 as a balance due for labor and services performed for the defendant between January 18, 1898, and February 10, 1903. Upon January 10, 1898, the intestate's husband was afflicted with a shock of paralysis and died in May of the same year. At the time he was so afflicted the claimant was sent for by the intestate to come to her house and assist her. This she did and remained there until she was married upon the 10th of February, 1903, with a few intermissions. The services that she performed were domestic services and also in caring for stock and milking cows outside of the house. Part of the period between 1898 and 1903 she was away teaching school, and for that part she is allowed nothing. Part of this period she was teaching school in the same hamlet. During this part, however, she performed domestic service and also the outside service and has been allowed therefor two dollars a week. While she gave all of her time to the intestate, she has

been allowed four dollars a week. She was a niece of the intestate's husband. As such, however, there is no presumption that her service was gratuitous. (Greenwood v. Judson, 109 App. Div. 398.) While there was evidence of the claimant's stepmother of an acknowledged settlement in 1903 between the claimant and the intestate, it appeared that there was bad feeling on the part of the witness toward the claimant, and the surrogate was authorized to disbelieve that statement in view of the other evidence in the case. We are of the opinion, therefore, that the finding of the learned surrogate that the services were rendered at the request of the intestate and were of the value as found by him should not be disturbed.

The administrator, however, contends that part at least of this claim is barred by the Statute of Limitations. The contention is confessedly good unless the claim has been revived by the payment of fifty dollars, which the claimant contends was paid to her upon the 30th of March, 1906. As to that fifty dollars the evidence shows that one Jerome Bolton gave to the claimant fifty dollars and told her that the intestate wanted him to give it to claimant. The claimant hesitated about taking the same, and Bolton swears that he then said, " You better take it because Aunt Esther wanted you to have it." There was nothing then said that the fifty dollars was in payment of any indebtedness, and there was nothing said that was in any way in recognition of the existence of any indebtedness. Mr. Bolton was asked by the attorney for the administrator what instructions were given by the intestate in reference to this money. To this the claimant objected and the objection was sustained. It is settled law that a payment to take a case out of the Statute of Limitations must be made under such circumstances as to indicate an intention on the part of the person paying the same to recognize the existence of a debt. (Crow v. Gleason, 141 N. Y. 493.) There is nothing in the circumstances surrounding the giving of this money to the claim-

ant by Mr. Bolton to indicate in any way a recognition of an indebtedness either by Bolton or by the intestate. If any such inference could arise from the mere fact of the gift it would have been competent to show the instructions given by the intestate to Bolton which would rebut any such inference and show that he was simply authorized to make a gift and not to make a payment upon any indebtedness, and the rejection of such testimony would have been error. If, as we believe, no such inference is legitimate from the facts as testified to, the rejeection of the evidence is harmless.

The intestate died upon the 8th of September, 1907. The claimant was entitled to be paid for all services rendered from the 8th of September, 1901. From that time to February 10, 1903, there were seventy-two weeks. But during that time the claimant was away from the house for thirty-eight weeks at school. During thirty-four weeks of that time claimant was working for the intestate, and the value of her services at $4 a week would amount to $136. The decree should, therefore, be modified so as to reduce the amount payable to the claimant to the sum of $136. The finding that the $50 given by Bolton to the claimant was a payment upon an existing indebtedness is disapproved, and this court finds that said $50 was not a payment upon any indebtedness, but was a gift by the intestate to the claimant, and should not be deducted from the amount found due. No costs to either party.

Decree modified so as to reduce the amount payable to the claimant to $136, and as so modified unanimously affirmed, without costs of the appeal to either party. The finding that the fifty dollars given by Bolton to the claimant was a payment upon an existing indebtedness is disapproved, and this court finds that the said fifty dollars was not a payment upon any indebtedness, but was a gift by the intestate to the claimant, and should not be deducted from the amount found due.