In re SUTTON'S ESTATE.

WILLIAMS v. LAKIN.

(Supreme Court, Appellate Division, Third Department.   November 12, 1913.)

1. WORK AND LABOR (§ 7*) — PERSONAL SERVICES — TRANSACTIONS BETWEEN RELATIVES.

There is no presumption that services rendered by a niece of intestate's husband to intestate were gratuitous.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 11½–22; Dec. Dig. § 7.*]

2. LIMITATION OF ACTIONS (§ 153*)—PARTIAL PAYMENT.

For a partial payment to take a case out of the statute of limitations, the payment must have been made under circumstances indicating an intention by the debtor to recognize the existence of a debt.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 153.*]

3. LIMITATION OF ACTIONS (§ 197*)—PARTIAL PAYMENT—SUFFICIENCY OF EVIDENCE.

Evidence in an action on a claim against an estate held to show that certain money, given to claimant by another, acting for intestate, was intended as a gift and not as a recognition of an indebtedness between claimant and intestate.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 722–726; Dec. Dig. § 197.*]

4. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Where, in proceedings to establish a claim against an estate for services rendered to intestate, in which defendant pleaded limitations, there was nothing to show that the giving of a certain sum by intestate to claimant was in payment of any indebtedness, but the evidence showed that it was a gift, the rejection of evidence as to what instructions were given by intestate to the person giving the money to claimant was harmless to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

Appeal from Surrogate's Court, Delaware County.

In the matter of the judicial settlement of the estate of Esther J. W. Sutton.   From a decree in favor of Mary Sutton Lakin establishing a claim against the estate, the administrator, Henry J. Williams, appeals.   Affirmed as modified.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Edward E. Conlon, of Downsville, for appellant.
Alexander Neish, of Walton, for respondent.

SMITH, P. J.   [1]  The claimant presented to the administrator a claim for $790 as a balance due for labor and services performed for the defendant between January 18, 1898, and February 10, 1903.   Upon January 10, 1898, the intestate's husband was afflicted with a shock of paralysis and died in May of the same year.   At the time he was so afflicted the claimant was sent for by the intestate to come to her house and assist her.   This she did and remained there until she was married upon the 10th of February, 1903, with a few intermissions.

The services that she performed were domestic services, and also in caring for stock and milking cows, outside of the house. Part of the period between 1898 and 1903 she was away teaching school, and for that part she is allowed nothing. Part of this period she was teaching school in the same hamlet. During this part, however, she performed domestic service and also the outside service, and has been allowed therefor $2 a week. While she gave all of her time to the intestate she has been allowed $4 a week. She was a niece of the intestate's husband. As such, however, there is no presumption that her service was gratuitous. Greenwood v. Judson, 109 App. Div. 398, 96 N. Y. Supp. 147. While there was evidence of the claimant's stepmother of an acknowledged settlement in 1903 between the claimant and the intestate, it appeared that there was bad feeling on the part of the witness toward the claimant, and the surrogate was authorized to disbelieve that statement in view of the other evidence in the case. We are of the opinion, therefore, that the finding of the learned surrogate that the services were rendered at the request of the intestate and were of the value as found by him should not be disturbed.

[2-4] The administrator, however, contends that part at least of this claim is barred by the statute of limitations. The contention is confessedly good unless the claim has been revived by the payment of $50, which the claimant contends was paid to her upon the 30th of March, 1907. As to that $50 the evidence shows that one Jerome Bolton gave to the claimant $50 and told her that the intestate wanted him to give it to claimant. The claimant hesitated about taking the same, and Bolton swears that he then said, "You better take it, because Aunt Esther wanted you to have it." There was nothing then said that the $50 was in payment of any indebtedness, and there was nothing said that was in any way in recognition of the existence of any indebtedness. Mr. Bolton was asked by the attorney for the administration what instructions were given by the intestate in reference to this money. To this the claimant objected and the objection was sustained. It is settled law that a payment to take a case out of the statute of limitations must be made under such circumstances as to indicate an intention on the part of the person paying the same to recognize the existence of a debt. Crow v. Gleason, 141 N. Y. 493, 36 N. E. 497. There is nothing in the circumstances surrounding the giving of this money to the claimant by Mr. Bolton to indicate in any way a recognition of an indebtedness either by Bolton or by the intestate. If any such inference could arise from the mere fact of the gift, it would have been competent to show the instructions given by the intestate to Bolton, which would rebut any such inference and show that he was simply authorized to make a gift and not to make a payment upon any indebtedness, and the rejection of such testimony would have been error. If, as we believe, no such inference is legitimate from the facts as testified to, the rejection of the evidence is harmless.

The intestate died upon the 8th of September, 1907. The claimant was entitled to be paid for all services rendered from the 8th of September, 1901. From that time to February 10, 1903, there were 72 weeks. But during that time the claimant was away from the house

for 38 weeks at school. During 34 weeks of that time claimant was working for the intestate, and the value of her services at $4 a week would amount to $136. The decree should therefore be modified so as to reduce the amount payable to the claimant to the sum of $136. The finding that the $50 given by Bolton to the claimant was a payment upon an existing indebtedness is disapproved, and this court finds that said $50 was not a payment upon any indebtedness, but was a gift by the intestate to the claimant and should not be deducted from the amount found due. No costs to either party.

Decree modified so as to reduce the amount payable to the claimant to $136, and as so modified unanimously affirmed, without costs of the appeal to either party. The finding that the $50 given by Bolton to the claimant was a payment upon an existing indebtedness is disapproved, and this court finds that the said $50 was not a payment upon any indebtedness, but was a gift by the intestate to the claimant and should not be deducted from the amount found due.