## THIRD DEPARTMENT, JULY, 1918.

AMERICAN RAVELLER COMPANY, Appellant, *v.* RENSSELAER AND VALATIE MILLS, Respondent.

*Statute of Limitations — costs.*

Appeal by the plaintiff, American Raveller Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Columbia on the 13th day of December, 1916, upon the report of a referee appointed herein to hear and determine the issues.

PER CURIAM: While the judgment is in favor of the plaintiff in this action, it is for such a trifling amount that the costs go to the defendant, and the plaintiff appeals from the judgment, claiming a considerable amount to be its due. The dealings between the parties go back to the year 1902, and the learned referee, before whom the case was tried, has found that a large part of the claim was barred by the Statute of Limitations, while the matters within the six years' period were so evenly balanced that the judgment in favor of the plaintiff was entered for the sum of one dollar and seventy-seven cents. It appears from the evidence that the plaintiff began selling the defendant goods in 1902, and that since that time the defendant has made cash payments on account of such purchases; but there are some old items which the defendant claims to have paid, and as to these it is held that the Statute of Limitations has run, and we are of the opinion that under the rule as laid down by the court in *Crow* v. *Gleason* (141 N. Y. 489, 493) the learned referee correctly refused to find that the items were taken out of the statute. It appears that the defendant, for the accommodation of the plaintiff, at certain times purchased of a third party machine parts which the plaintiff was unable to procure by reason of some disagreement with the manufacturer, and the effort is made to have these items appear as a part of the account, and to make the account a mutual one; but the learned referee has found that these items did not enter into the general account, and were treated as independent transactions; and we think the evidence supports this finding. The trial seems to have resulted in a proper disposition of the case, and the judgment should be affirmed, with costs. Judgment unanimously affirmed, with costs.

———

FORREST ALLEN, Respondent, v. EARL POWELL, Appellant.— Judgment and order unanimously affirmed, with costs.

COUNTY CONSTRUCTION COMPANY, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 2060-A.) — Judgment reversed on the ground that it is against the weight of evidence and new trial granted, with costs to appellant to abide event. All concurred. The court disapproves of the second, third and sixth findings of fact.

ZINA C. COUTANT and ANSON S. COUTANT, Appellants, v. IVAR ELIS EVERS, Respondent.— Order unanimously affirmed, with costs.