Arkport State Bank, Respondent, *v.* Jennie L. Nutter, as Executrix of Oren C. Nutter, Deceased, Appellant.

Fourth Department, July 8, 1953.

*Acton M. Hill* and *Vedo M. Candiello* for appellant.

*John W. Hollis* and *Nicholas J. Changose* for respondent.

*Per Curiam.* This action against the executrix of the decedent's estate is for the recovery of a balance of unpaid principal and interest upon a promissory note dated January 3, 1929, for $12,500 payable upon demand "with Int". The amount of principal unpaid on the note is $517. Upon the trial the court directed a verdict for such sum plus accrued interest amounting in all to $7,286.02.

The plaintiff must rely upon a payment on principal of $182.92 made by the decedent on January 26, 1945, to toll the Statute of Limitations. Proceeds from the sale by plaintiff of collateral and credited against the debt does not extend the statute. (See

*Brooklyn Bank* v. *Barnaby,* 197 N. Y. 210.) There have been no payments by the decedent of interest since February 1, 1940, nor has the plaintiff credited any part of the proceeds of the various sales of collateral upon interest. We are not unmindful of the general rule that part payment of principal ordinarily tolls the statute as to both principal and interest unless the debtor expressly disavows the interest. The circumstances here, however, are such that we are unable to say as a matter of law that from such payment the decedent made a new promise to pay the entire debt including interest. In order to toll the statute such further payment must have been made under such circumstances as would warrant a jury in finding an implied promise to pay the entire debt (*Crow* v. *Gleason,* 141 N. Y. 489, 493; *Matter of Fitch,* 270 App. Div. 227).

During the period from February 1, 1940, when decedent made the last payment on interest, until January 26, 1945, when he made the above-mentioned part payment of principal, the decedent made fourteen payments on principal but none on interest. During the same period the plaintiff credited the proceeds from five sales of collateral entirely on principal. Subsequent to that time the plaintiff credited the entire proceeds of two further sales of collateral on principal all notwithstanding the general rule that payment upon a debt consisting of principal and interest is first applied to interest and then to principal (see *Shepard* v. *City of New York,* 216 N. Y. 251). The bank's ledger sheets which were introduced in evidence carry no charge against the decedent for interest but only for principal. The widow of the decedent testified that when she asked the cashier and director of the bank for the amount of her husband's indebtedness after a claim executed by him had been filed in Surrogate's Court, that he told her " It wouldn't exceed over a thousand dollars ". The mere fact that part payment was made by the decedent during his lifetime and within the statutory period is not enough. The burden was upon the plaintiff to show that it was made under circumstances from which a promise may be inferred to pay the entire debt including interest (*Crow* v. *Gleason,* 141 N. Y. 489, 493, *supra*).

We are of the opinion that it was error to direct a verdict for the plaintiff. We think that upon this record the question of whether the payment of $182.92 on January 26, 1945, was made under circumstances from which a promise to pay the entire indebtedness including interest may be implied, presented a question of fact for the jury.

The judgment appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concur, except TAYLOR, P. J., who dissents and votes for affirmance. Present — TAYLOR, P. J., McCURN, KIMBALL and PIPER, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.