ARKPORT STATE BANK, Respondent, *v.* JENNIE L. NUTTER, as Executrix of OREN C. NUTTER, Deceased, Appellant.

Fourth Department, May 12, 1954.

*John W. Hollis* and *Nicholas J. Changose* for respondent.

*Acton M. Hill* and *Vedo M. Candiello* for appellant.

*Per Curiam.* The facts of this case were set forth in our decision in a prior appeal from a judgment after the trial court had directed a verdict in favor of the plaintiff. (*Arkport State Bank* v. *Nutter*, 282 App. Div. 412.) There we said: " We think that upon this record the question of whether the payment of $182.92 on January 26, 1945, was made under circumstances from which a promise to pay the entire indebtedness including interest may be implied, presented a question of fact for the jury." (P. 414.) We reversed the judgment and

granted a new trial. The action was again tried at the September term, Steuben County, and resulted in a verdict for plaintiff, and from that judgment defendant appeals.

Plaintiff on this trial called Patrick Halton, an examiner for the Federal Deposit Insurance Corporation, and Milton Asmuth and Stuart Dew, examiners of the New York State Banking Department. Halton testified that they examined plaintiff in March and April, 1947; that during the course of that examination they talked with decedent Nutter and that he, Halton, asked decedent if he owed the bank money and about how much. That decedent admitted that he owed the plaintiff " About two thousand dollars ". He then related this further conversation: " I said, ' Mr. Nutter, if the bank made a claim to you for an amount of $2725.89, would you say the bank was wrong or would you agree with the bank? ' * * * he said, ' I would have to agree that the bank was correct.' " Witness then testified that he told decedent there was a substantial amount of interest unpaid on the note and Nutter answered, " Yes, there is a large amount of interest." He then asked decedent " if the bank made a claim to you for the amount of $5674.19, would you say that the bank was correct, or that the bank was in error? " and decedent said " he would have to say that the bank was right."

Plaintiff's counsel was then permitted to read into the record that part of Halton's report which concerned decedent's indebtedness and the interview Halton had with him. Asmuth's testimony as to the interview with decedent was substantially the same as that of Halton. He was permitted to read from his report to the State Banking Department that part which pertained to the Nutter loan and the interview. Dew's testimony concerning the interview with decedent was substantially the same as that of Halton and Asmuth.

As the defendant had admitted an indebtedness of $517 on the principal of the note, there was only one question of fact to be submitted to the jury and that question was whether or not the payment made by decedent of $182.92 on January 26, 1945, was made under circumstances from which a promise to pay the interest may be implied. (*Crow* v. *Gleason*, 141 N. Y. 489; *Matter of Fitch*, 270 App. Div. 227.)

If the testimony of Halton, Asmuth and Dew as to their conversation with the decedent in March or April, 1947, was competent, it was only so to support plaintiff's claim that the 1945 payment was a new promise to pay the interest. The

promise, if made, was not in writing and consequently did not toll the statute. (Civ. Prac. Act, § 59.)

We think it was error for the court to permit plaintiff's counsel to read from the report to the Federal Deposit Insurance Corporation and it was also error to permit Asmuth to read from the report to the State Banking Department. We also think it was error for plaintiff's counsel to make the statement: " There is an offer of judgment for substantially more than that." We cannot say that those errors were not prejudicial to the defendant.

As there must be a new trial, we call attention to the erroneous theory on which the case was sent to the jury. In our previous decision we did not question that the payment of $182.92 on January 26, 1945, tolled the statute as to the balance of the principal. We called attention to the fact that there was no payment of interest by decedent since February 1, 1940. The defendant having admitted that there was $517 due on the principal, the only question which should have been presented to the jury was whether the payment made in 1945 was made under circumstances from which a promise to pay the entire interest might be implied. The court stated to counsel prior to summations and the court's charge: " the Court is not going to hold that the indebtedness could be revived or kept alive only as to principal and not as to interest * * * and the Court is going to submit to the jury the question of whether it was the intention of Mr. Nutter to acknowledge, and whether the transaction operated as an acknowledgment of, the entire indebtedness including both principal and interest " and the court's charge to the jury was on that theory. While defendant took no exceptions to the quoted statement nor to the charge, we have attempted to make it clear that under the facts of this case with no payment of interest having been made since February 1, 1940, the question for the jury concerns only the tolling of the statute as to interest.

The judgment should be reversed and a new trial granted.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Van Duser, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.