HAROLD E. SWEENEY, Respondent, *v.* GOULD PAPER COMPANY, Appellant.

Fourth Department, January 7, 1959.

*Ferris, Hughes, Dorrance & Groben (R. G. Dunmore, Jr.,* of counsel), for appellant.

*Albert V. Moore* for respondent.

*Per Curiam.* Plaintiff brought this action in 1955 to recover a claimed balance due for the fair and reasonable value of the cost of constructing a road for lumbering operations. The work had been done in 1948 and concededly recovery for the indebtedness had been outlawed unless the running of the Statute of Limitations had been stopped by a recognition of this indebtedness by defendant in connection with another transaction between the parties in 1952.

It is alleged in the complaint that the fair value of the road building work was $3,500 and that in November, 1952 defendant turned over to plaintiff a quantity of cord wood of the agreed value of $1,505.21 which plaintiff applied on the claimed $3,500 indebtedness leaving a balance due of $1,994.79. The jury returned a verdict in favor of plaintiff for the latter amount and defendant appeals. The crucial issue of the case was not presented to the jury in the court's charge and a new trial is required.

The evidence of the respective parties presented a sharp issue of fact as to whether or not plaintiff had been paid for the 1948 road building job. The finding implicit in the verdict of the jury that such work had been done and that payment therefor had not been made is not against the weight of the evidence. The testimony relating to the subsequent transaction in 1952 is also in sharp conflict. Plaintiff testified that in the latter year he " got " or " bought " 77 cords of pulp wood from defendant and at that time asked Bourrall, woodland's manager of defendant, if this purchase amounting to approximately $1,500 could be credited upon the amount due for the road work. Bourrall, according to plaintiff, promised to " check into that " and the latter heard nothing further from the matter until three years later in 1955 when he was billed for the pulp wood purchase. Bourrall, on the other hand, was barred by rulings of the trial court, which we view as erroneous, from testifying as to conversations with Sweeney prior to 1955 about the purchase of the pulp wood. Bourrall did testify, however, that in 1955 plaintiff upon receiving a bill told the witness that some credit should be given for the road work. Bourrall promised to investigate and subsequently a letter was written to Sweeney by the defendant rejecting the request for an offset.

In this posture of the case it is apparent that the jury was required to pass upon two issues. First, whether plaintiff performed work for defendant in 1948 for which he had not been paid and second, whether the delivery by defendant to plaintiff of the quantity of pulp wood in 1952 was intended to be made by the former as a part payment on Sweeney's claim

for the road work. The defendant in its answer had not only denied that any amount was owed for the road work but had asserted an affirmative defense that the cause of action for such work as alleged in the complaint accrued more than six years prior to the commencement of the action and was barred by the Statute of Limitations. It further asserted a counterclaim for the amount claimed due for the pulp wood.

Thus, the second issue to be decided by the jury was whether the delivery of the pulp wood to plaintiff constituted a partial payment upon the prior indebtedness sufficient to take the case out of the Statute of Limitations. The applicable principle of law has been stated to be that "the burden is upon the creditor to show that it was a payment of a portion of the admitted debt, and that it was paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. Part payment of a debt is not of itself conclusive to take the case out of the statute. In order to have that effect it must not only appear that the payment was made on account of a debt, but also on account of the debt for which action is brought, and that the payment was made as a part of a larger indebtedness, and under such circumstances as warrant a jury in finding an implied promise to pay the balance." (*Crow* v. *Gleason*, 141 N. Y. 489, 493, see, also, 34 Am. Jur., Limitation of Actions, § 338; Restatement, Contracts, § 86, subd. [2], par. [b]; *Matter of Fitch*, 270 App. Div. 227, 236, 237.)

This issue was completely ignored in the court's charge. The defendant's counsel requested that certain questions be submitted to the jury but this was denied. One of the questions apparently alerted the trial court to the neglected issue and the jury was told to determine what the transactions were between the parties and the question was posed, "Did the Gould Company, at one time, intend to give credit for these borrowed logs, or was that never any part of the deal?" There the subject was dropped and the jury were not told, as they should have been, that if they found that the delivery of the logs was not made with the intention that the price thereof should be credited upon the greater debt claimed by plaintiff for the road work then there could be no recovery by plaintiff because of the barrier of the Statute of Limitations. These errors and omissions in the instructions were brought to the court's attention by timely exceptions and requests. Furthermore, this is the type of action where the submission of questions and the

taking of a special verdict would be appropriate. Defendant's request so to do should have been granted.

In conclusion we point out that section 56 of the Civil Practice Act provides that " In an action brought to recover a balance due upon a mutual, open and current account, where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item proved in the account on either side." There is some evidence in the record that such an account existed between the parties to this action prior to 1953 when plaintiff sold his business to a third party. It is apparent, however, that the case was not tried upon this theory. (Cf. *Green* v. *Disbrow*, 79 N. Y. 1; *Minion* v. *Warner*, 238 N. Y. 413; *Goergen* v. *Maar*, 2 A D 2d 276.) It is unnecessary, therefore, to explore this issue.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur. . Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.