■ ANTONIO PICCOLINO, Respondent-Appellant, v. SALVATORE V. MASSA et al., Appellants-Respondents.— Order unanimously modified to the extent of reversing so much of the second decretal paragraph as denied defendants' motion to dismiss the second cause of action in the complaint and motion granted. Remainder of order, so far as appealed from, unanimously affirmed. All without costs. Memorandum: In the second cause of action plaintiff seeks to recover from his stepson — the defendant Massa — the sum of $5,500. It is alleged in the complaint that between 1952 and 1958 plaintiff loaned to Massa the sum of $7,000 no part of which has been paid except the approximate sum of $1,500. In his answer Massa alleged affirmatively that the cause of action was barred by the six years' Statute of Limitations. Moving for summary judgment, he further averred that he never borrowed such a sum ($7,000) from plaintiff but rather borrowed $1,500 from him in 1958 which has been completely repaid. He further alleged that about the same time his mother — the wife of plaintiff — gave him $6,000 and submitted documentary proof showing the withdrawal of such amount from a savings account in the name of the mother in trust for Massa. To rebut this proof plaintiff simply repeated the conclusory allegations of his complaint and added that the $1,500 was repaid in installments "some of said payments being made within six years from the commencement of this action". The Statute of Limitations (General Obligations Law, § 17-101) preserves the common-law rule as to the effect of a partial payment to revive a debt that would otherwise be time barred. However, "In order that a payment shall have the effect of taking a case out of the statute of limitations, it must be shown that there was a payment of a portion of an admitted debt, made and accepted as such, 'accompanied by circumstances amounting to an absolute and unqualified acknowledgement by the debtor of more being due, from which a promise may be inferred to pay the remainder.'" (36 N. Y. Jur. Limitations and Laches, § 143.) (See, also, *Sweeney* v. *Gould Paper Co.,* 7 A D 2d 147, 149; *Arkport State Bank* v. *Nutter,* 282 App. Div. 412, 414.) Plaintiff's conclusory generalizations were insufficient to defeat appellant's motion for summary judg-

644

ment. (Appeals from order of Jefferson Special Term denying motion for change of venue and for summary judgment.) Present — Goldman, P. J., Marsh, Witmer, Bastow and Henry, JJ.