■ ADELINE DONOVAN, Appellant, v EMIL BURKOWSKI, Doing Business as GARDEN HOME IMPROVEMENT, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff appeals from a dismissal of her complaint in an action brought to recover moneys loaned to defendant. The trial court found that although loans to defendant had in fact been made, the debt was more than six years old and collection was barred by the Statute of Limitations. The facts are not in dispute, for the defendant failed to put in any proof. The trial court properly held that inasmuch as defendant did not avail himself of the opportunity to dispute plaintiff's version of the transaction she is entitled to the benefit of all of the inferences which may be fairly drawn from the evidence *(Woodson v New York City Housing Auth.,* 10 NY2d 30, 33; *Hull v Littauer,* 162 NY 569, 572; Richardson, Evidence [10th ed], § 123, pp 97, 98; 20 Corn L Q 33, 34–35). Respondent, between December 14, 1959 and February 15, 1960, received three checks from appellant totaling $3,200 which were loans, and although the circumstances under which the money was given were somewhat equivocal and no notes or formal promises to pay were made by respondent, the trial court correctly found that these transactions constituted loans and that there was an implied promise to repay. Prior to the institution of this action plaintiff never made any demand for repayment. In August, 1966 appellant told respondent that she was in desperate need of $600. Respondent gave her $200 and told her he would "pay [her] the rest as soon as I can". Appellant testified that no mention was made of the $3,200 debt at the time of the payment of the $200. Viewed in its most favorable light the record contains insufficient evidence to support appellant's claim that the $200 payment revived the time-barred debt. The Court of Appeals stated the applicable law in the circumstances before us in *Crow v Gleason* (141 NY 489, 493): "In order to make a money payment a part payment within the statute, the burden is upon the creditor to show that it was a payment of a portion of the admitted debt, and that it was paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. Part payment of a debt is not itself conclusive to take the case out of the statute. * * * If it be doubtful whether the payment was part of an existing debt, more being admitted to be due, * * * the payment cannot operate as an admission of a debt so as to extend the period of limitation." *Crow v Gleason (supra),* has been followed without exception since it was pronounced more than 80 years ago. (See also, *Sweeney v Gould Paper Co.,* 7 AD2d 147, 149; *Arkport State Bank v Nutter,* 282 App Div 412, 414; *Trans America Development Corp. v Leon,* 279 App Div 189, 192–193, affd 305 NY 590; *Matter of Fitch,* 270 App Div 227, 237; *Matter of Pappalau,* 261 App Div 705, 707, affd 287 NY 795; *Scott v Palmer,* 246 App Div 379, 380, affd 273 NY 471; 36 NY Jur; Limitations and Laches,

§§ 143–146; Restatement of Contracts, § 86, subd [2], par [b].) Appellant failed to meet the burden of proof and her complaint was properly dismissed. (Appeal from judgment of Erie Supreme Court in action to recover loan.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.