■ NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent, v CHARLES J. MUSON, Appellant.—Weiss, J. Appeal from that part of an order of the Supreme Court at Special Term (Bradley, J.), entered October 5, 1984 in Albany County, which denied defendant's cross motion for summary judgment dismissing the complaint.

In this action, plaintiff, as guarantor, seeks to recover upon a promissory note given by defendant in connection with a higher education student loan. Following default, plaintiff was required to reimburse and did pay County Trust Company, the lender the sum of $3,309.81 on June 5, 1974. The only repayment made to plaintiff was in the form of a check from defendant's father dated August 23, 1979 in the sum of $50, which defendant alleges was neither authorized by him nor made with his knowledge or consent. The father denied that he was acting as agent for his son when he offered a compromise settlement consisting of 18 monthly payments of $50 each. Plaintiff concedes that it did not respond to the offer but did negotiate the $50 check. This action was commenced on March 23, 1982 and defendant's answer interposed defenses that the complaint failed to state a cause of action, that defendant lacked legal age at the time the contract was executed, and that the action is time barred. Special Term partially granted plaintiff's motion to dismiss the defenses, holding that an issue of fact existed as to the Statute of Limitations defense, and denied defendant's cross motion for summary judgment.

On this appeal, plaintiff contends that its cause of action accrued on June 5, 1974, when it made reimbursement to the lender as guarantor of defendant's loan (see, State of New York Higher Educ. Servs. Corp. v Zamore, 59 NY2d 933), and that the Statute of Limitations was tolled by the partial payment made on August 23, 1979 by defendant's father accompanied by an acknowledgment of the outstanding balance, from which a promise to pay the remainder could be inferred. Plaintiff concludes that this action, which was commenced March 23, 1982, was well within the six-year limitation of time. Since defendant and his father both aver that the offer of compromise and partial payment were made without defendant's knowledge or consent, Special Term correctly found that the existence of a triable issue of fact precluded summary judgment. The applicable rule, first enunciated in Crow v Gleason (141 NY 489, 493), has been followed without exception for almost 90 years (see, Donovan v Burkowski, 51 AD2d 878). "In order to make a money payment a part

payment within the statute, the burden is upon the creditor to show that it was a payment of a portion of the admitted debt, and that it was paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. Part payment of a debt is not of itself conclusive to take the case out of the statute * * * If it be doubtful whether the payment was a part payment of an existing debt, more being admitted to be due * * * the payment cannot operate as an admission of a debt so as to extend the period of limitation" *(Crow v Gleason, supra,* p 493).

From this record, we agree that a triable issue of fact exists as to whether plaintiff sustained its burden of proving the essential requirements of the test enunciated in *Crow v Gleason (supra).*

Order affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.