■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respondents, v JACK WARNER, Appellant. (And a Third-Party Action.) —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about August 15, 1988, insofar as it denied defendant's cross motion for summary judgment, unanimously affirmed, without costs.

In this action, plaintiff seeks to recover premiums for workers' compensation insurance for a theatrical venture conducted by the Whoopee National Company, with which it is alleged defendant Jack Warner was associated. In response to plaintiff's motion for summary judgment, defendant Warner

denied that he was affiliated with Whoopee as a partner or in any capacity other than as an independent contractor who assisted with the production and also sought dismissal of the complaint on the ground that this action, commenced in March 1988 to recover premiums covering the period 1980-1981, is barred by the six-year Statute of Limitations (CPLR 213). Plaintiff, however, pointed to 22 part payments made by defendant between 1983 and 1987 as tolling the statute.

The IAS court properly denied defendant's motion for summary judgment. On the papers submitted, triable issues of fact were raised both as to defendant's status with Whoopee and whether the part payments were sufficient to toll the Statute of Limitations. It is well settled that part payment of a debt does not, by itself, toll the Statute of Limitations, but that the burden rests upon the creditor to show that it was a payment of a portion of the admitted debt, paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder. *(Crow v Gleason,* 141 NY 489; *New York State Higher Educ. Servs. Corp. v Muson,* 117 AD2d 947.) On this record, it cannot be determined as a matter of law whether defendant's part payments were made under circumstances which met this standard. Concur—Kupferman, J. P., Milonas, Kassal and Ellerin, JJ.