OPINION OF THE COURT
Edward H. Lehner, J.
The central question raised on the motions before the court is the effect of the statutory stay imposed upon the filing of a petition under chapter 11 of the Bankruptcy Code on the running of the Statute of Limitations.
This action, to foreclose a mortgage which became due and owing on June 1, 1988, was commenced on October 21, 1994. Before the court are plaintiffs motion for summary judgment and the cross motion of defendant 234-6 W. 22 St. Corp. (the Owner) to amend its answer to assert affirmative defenses of the Statute of Limitations and that plaintiff failed to serve a contractually required notice of default prior to commencing this action, and for summary judgment based on such defenses.
On October 27,1992 the Owner filed a petition under chapter 11 of the Bankruptcy Code. On December 2, 1992, plaintiff and her husband (the Zuckermans) submitted an application to the Bankruptcy Court to dismiss the proceeding and, in the alternative, for relief from the automatic stay provided in 11 USC § 362 to permit them to prosecute their cross claims in an action pending in this court (City of New York v Zuckerman, index No. 9361/87) (the City Action) in which they sought, inter alia, specific performance of an agreement under which the Owner contracted to sell them premises known as 234 West 22nd Street (one of the two buildings covered by the mortgage sought to be foreclosed herein). By order dated March 30, 1993, (i) the application to dismiss was denied; (ii) specific performance was granted directing the Owner to transfer title to the aforesaid building to the Zuckermans; and (iii) the automatic stay was lifted with respect to the City Action.
The purchase price for the premises, which was conveyed to the Zuckermans pursuant to the court order on April 15, 1993, was paid by the Owner being given credit for the total amount owing on a first mortgage covering both buildings held by Mr. Zuckerman and a credit of $88,250.79 on the second mortgage held by plaintiff. As a result of such credits, there remained a balance owing on the mortgage held by plaintiff (which consequently became the first lien) of $74,561.21.
*200 By notice of motion dated March 22, 1994, the Zuckermans requested the Bankruptcy Court to vacate the automatic stay so as to permit the commencement of this action. However, that application was never decided as apparently shortly after the filing thereof, the trustee in bankruptcy moved to dismiss the proceeding, which application was granted by order dated May 23, 1994.
Plaintiff asserts that the principal sum of $74,561.21 is still owing, plus interest thereon at 24% per annum from April 15, 1993, together with real estate taxes paid by her of $47,849.15. These sums were stated to be owing on the mortgage being foreclosed by report of Referee Birnbaum dated November 3, 1994 issued in the City Action in connection with a dispute relating to a third mortgage on the property. That report was confirmed by order of Justice Wright dated December 23,1994.
CPLR 213 (4) provides that an action upon a mortgage of real property must be instituted within six years of the accrual of the claim. Here that period commenced June 1, 1988, the due date for repayment of the mortgage debt. Although this action was not instituted until October 21, 1994, plaintiff argues that the action is nevertheless timely because (i) pursuant to CPLR 204, the Statute of Limitations was tolled during the period of the stay, and (ii) the application of the aforesaid $88,250.79 on account of the balance owing on the subject mortgage resulting from the order of the Bankruptcy Court constituted part payment to toll the period of limitations.
Taking the latter contention first, it is clear that circumstances resulting in the aforesaid application against the amount owing on the subject mortgage does meet the test necessary to constitute a part payment so as to effect a toll of the period of limitations. In Morris Demolition Co. v Board of Educ. (40 NY2d 516, 521 [1976]), that test was set forth as follows: "In order that part payment shall have the effect of tolling a time-limitation, under the statute * * * it must be shown that there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder.” (See also, New York State Higher Educ. Servs. Corp. v Muson, 117 AD2d 947 [3d Dept 1986].) Here the alleged part payment was not a payment at all, but rather a credit given pursuant to judicially directed conveyance.
The more difficult question relates to the interplay of the automatic stay of the Bankruptcy Code and CPLR 204 (a) which *201 provides: "Where the commencement of an action has been stayed by a court or by a statutory prohibition, the duration of the stay is not part of the time within which the action must be commenced.”
The Owner maintains that the tolling provided in section 204 is not invoked by the Bankruptcy Code stay until plaintiff moves to vacate that stay. Therefore, the Owner contends that the only period the statute was tolled was from March 22, 1994 (when plaintiff moved to vacate the stay with respect to the subject mortgage) to May 23, 1994 (when the bankruptcy proceeding was dismissed). Since this two-month toll would still make this action untimely, the Owner concludes that the application of section 204 does not save plaintiff’s claim.
In arguing its position, the Owner relies on cases where a State statute created a condition precedent to the institution of suit, which cases have generally held that since the statute gave a plaintiff the ability to satisfy the condition, the toll only occurred from the time of the application to a court to satisfy same until the court determination. (E.g., Barchet v New York City Tr. Auth., 20 NY2d 1, 6 [1967] [the statute is "tolled from the time the plaintiff commenced the proceeding to obtain leave of the court to file a late notice of claim until” the granting of such relief, but the requirement for service of a notice of claim within 90 days after the accident does not toll the statute as it is "not a statutory prohibition”, but rather "a condition precedent to the commencement of an action”, and the "plaintiff has complete control over the acts necessary to effectuate compliance with the statutory mandate”]; Matter of Velez v MVAIC, 56 AD2d 764 [1st Dept 1977] [the waiting time for the appointment of an administratrix did not toll the two-year period in which to commence a wrongful death action, nor did the necessity for obtaining leave to sue MVAIC impose a toll]; Laurenti v Teatom, 210 AD2d 300 [2d Dept 1994] [the death of a defendant does not toll the statute as plaintiff could have applied to the Surrogate’s Court for the appointment of a public administrator as the personal representative of the estate]; Aetna Cas. & Sur. Div. v Sandy Hill Corp., 54 AD2d 222, 224 [3d Dept 1976] [Workmen’s Compensation Law provision assigning a claim to the carrier where a decedent’s dependents fail to bring a third-party action within six months of the awarding of compensation does not result in a toll during such six-month period as there "was always someone who could commence the action”, and thus while the carrier could not bring the action during the six-month period, such was not "a *202 statutory prohibition encompassed by CPLR 204”]; Matter of Schultz v MVAIC, 84 Misc 2d 640 [Sup Ct, Monroe County 1976] [requirement of obtaining leave to sue MVAIC does not stay period of limitations until application therefor is made]; Baez v New York City Health & Hosps. Corp., 80 NY2d 571 [1992] [the waiting periods for commencement of suit and for an examination of a claimant did not toll the statutory period in which to bring suit against the Health and Hospitals Corporation].) On the other hand, certain statutes that specifically prohibit commencement of suit for a period after a claim is filed have been held to create a toll under section 204 for the period of such prohibition (Burgess v Long Is. R. R. Auth., 79 NY2d 777 [1991]; Serravillo v New York City Tr. Auth., 51 AD2d 1027 [2d Dept 1976], affd 42 NY2d 918 [1977]).
Surprisingly, no case has been found dealing with the effect of the automatic bankruptcy stay on section 204. Thus, with no binding precedent, in interpreting the statute the plain language thereof will be followed (see, Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565 [1984]).
Section 204 provides for a toll where commencement of suit has been stayed by a "statutory prohibition”. The cases cited above holding that section 204 has no tolling effect are those which involve statutes which do not specifically prohibit an action from being commenced, but rather which prescribe procedures which have such effect. On the other hand, statutes which specifically prohibit the commencement of a suit for a specified period have resulted in a tolling during that period unless the statute involved specifically states the time involved should not extend the Statute of Limitations (see, Serravillo v New York City Tr. Auth., supra [which compares Public Authorities Law § 1212 to General Municipal Law § 50-i, noting that the latter mandates the institution of suit within one year and 90 days "notwithstanding any inconsistent provisions of law”, whereas the former does not contain such language, with the consequence that since section 204 was an "inconsistent provision of law”, it did not apply to claims under the General Municipal Law, but did apply to claims under section 1212 of the Public Authorities Law, with the result that the claim under the latter statute was tolled for the additional 30-day period during which no action could be brought after the filing of a notice of claim]).
The stay of the Bankruptcy Code results from an intentional act, i.e., the filing of a petition by a person or entity seeking protection of the bankruptcy laws. This is clearly dif *203 ferent from the cases involving statutory conditions precedent to the institution of suit. While the automatic bankruptcy stay can be lifted on motion of a claimant, and here plaintiff successfully moved for such relief only months after the filing with respect to the City Action, but did not do so for 17 months with respect to the mortgage claim involved herein, nevertheless it is concluded, under the plain language of section 204, that the filing of the petition under chapter 11 by the Owner resulted in a tolling for the entire period of the stay specifically imposed by the Bankruptcy Code. There is nothing in the wording of section 204 or in the case law that warrants the restricted interpretation advanced by the Owner.
Lastly on this issue, it is noted that while section 108 of the Bankruptcy Code (11 USC) provides a toll of a Statute of Limitations that expired during the operation of a stay for a period of 30 days after the termination thereof, that Federal statute has no relevance to the issue of whether section 204 creates a toll under State law upon the filing of a bankruptcy petition (see generally, Aslanidis v United States Lines, 7 F3d 1067 [2d Cir 1993]).
With respect to the Owner’s claim of lack of proper notice of the commencement of suit, the notice, although not technically in compliance with the terms of the mortgage, was legally adequate to permit commencement of this action. With respect to the election of remedies defense, the adjudication of the amount owing on the subject mortgage in the City Action is not the result of an action "to recover any part of the mortgage debt”, as referred to in RPAPL 1301, so as to bar this foreclosure action.
Although in the answer there is a claim of lack of personal jurisdiction, the Owner has not raised that issue on this summary judgment motion.
Accordingly, the Owner’s motion to amend its answer is denied and plaintiff’s motion for summary judgment is granted.
Settle order providing for the appointment of a Referee to determine the amount now owing on the mortgage.