■ WILLIAM M. STEWART, Appellant, v WALTER STUART, Respondent. [690 NYS2d 745] —In an action to recover damages for legal services rendered, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered March 31, 1998, as granted that branch of the defendant's motion which was to dismiss the plaintiff's cause of action based upon an account stated as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an attorney, commenced this action on January 28, 1997, by filing a summons and complaint. The complaint asserted, *inter alia,* a cause of action based upon an account stated arising from legal services which he allegedly performed for the defendant through December 31, 1990. The plaintiff submitted proof that he mailed the first copy of his bill in November 1990. He further alleged that statements of the account were mailed to the defendant on a regular basis since "at least" December 31, 1990, and that the defendant made a $1,000 partial payment on the account in July 1993.

"[Pursuant] to NY CPLR § 213 (2), an action must be commenced within six years after final services have been rendered if it is 'an action upon a contractual obligation of liability, express or implied'. [An] account stated * * * claim [is one] based on a contract implied in law, and [thus is] governed by NY CPLR § 213(2) (*Donahue-Halverson, Inc. v. Wissing*

*Construction & Building Services Corp.,* 95 A.D.2d 953 * * *)" (*Kramer, Levin, Nessen, Kamin & Frankel v Aronoff,* 638 F Supp 715, 722).

Since the plaintiff failed to commence an action based upon his account stated within six years after the date upon which he completed his services for the defendant and began mailings of the statements of account, the court correctly concluded that this cause of action is time-barred. There is no merit to the plaintiff's contention that the rendering of bills subsequent to the date upon which services were complete began the Statute of Limitations running anew each time these bills were generated.

In addition, the alleged $1,000 partial payment by the defendant in July 1993 did not operate to toll the Statute of Limitations. Inasmuch as the bills which the plaintiff sent to the defendant subsequent to July 1993 did not even credit the $1,000 payment to the account for which this action seeks recovery, the plaintiff has not demonstrated that this payment was for a portion of an admitted debt or that he even accepted the payment (*see, Flynn v Flynn,* 175 AD2d 51; *Commissioners of State Ins. Fund v Warner,* 156 AD2d 131). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.