OPINION OF THE COURT
Marquette L. Floyd, J.
This motion by defendant Shepherds Beach, Inc. (Shepherds) seeking an order dismissing the plaintiffs complaint before the service of an answer as barred by the Statute of Limitations is considered under CPLR 3211, 214, 204 and 11 USC § 362, and is denied.
*267 The defendants Oliver executed a note on December 30, 1986 in the amount of $300,000 to Eastern Federal Savings and Loan Association that was secured by a mortgage on the premises at 107 South Emerson Avenue, Montauk, New York. After a series of assignments, the plaintiff was assigned the note and mortgage on May 26, 1994. Prior to this assignment, on January 27, 1994 the Olivers filed a petition in bankruptcy. Because of the tolling provisions of the Bankruptcy Code, plaintiff was unable to commence an action to foreclose. On August 19, 1995, the bankruptcy case was closed. Plaintiff commenced this action on August 19, 1999, over seven years after the defendants’ alleged default.
On the instant motion, the defendant Shepherds as the fee owner seeks to dismiss the plaintiffs complaint upon the basis that the Statute of Limitations has expired on plaintiffs claim, that is, the complaint alleges a default in payment on January 1, 1992 and this action was commenced more than seven years later on August 19, 1999. The plaintiff demurs insisting that its action is timely as the bankruptcy stay tolled the Statute of Limitations as plaintiff was precluded by operation of law from commencing this foreclosure action until such bankruptcy case was closed.
CPLR 213 (4) provides that:
“The following actions must be commenced within six years:
“4. an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein.”
This Statute of Limitations is extended by CPLR 204 (a) as a result of the automatic stay provisions of 11 USC § 362: “Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced.”
The Bankruptcy Code, 11 USC § 362 (c), provides for the expiration of the automatic stay:
“(c) Except as provided in subsections (d), (e), and (f) of this section—
“(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
“(2) the stay of any other act under subsection (a) of this section continues until the earliest of—
“(A) the time the case is closed;
*268 “(B) the time the case is dismissed; or
“(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.”
Zuckerman v 234-6 W. 22 St. Corp. (167 Misc 2d 198, 202-203) states:
“Surprisingly, no case has been found dealing with the effect of the automatic bankruptcy stay on section 204. Thus, with no binding precedent, in interpreting the statute the plain language thereof will be followed (see, Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565 [1984]).
“Section 204 provides for a toll where commencement of suit has been stayed by a ‘statutory prohibition’. The cases cited above holding that section 204 has no tolling effect are those which involve statutes which do not specifically prohibit an action from being commenced, but rather which prescribe procedures which have such effect. On the other hand, statutes which specifically prohibit the commencement of a suit for a specified period have resulted in a tolling during that period unless the statute involved specifically states the time involved should not extend the Statute of Limitations (see, Serravillo v New York City Tr. Auth., supra [which compares Public Authorities Law § 1212 to General Municipal Law § 50-i, noting that the latter mandates the institution of suit within one year and 90 days ‘notwithstanding any inconsistent provisions of law’, whereas the former does not contain such language, with the consequence that since section 204 was an ‘inconsistent provision of law’, it did not apply to claims under the General Municipal Law, but did apply to claims under section 1212 of the Public Authorities Law, with the result that the claim under the latter statute was tolled for the additional 30-day period during which no action could be brought after the filing of a notice of claim]).
“The stay of the Bankruptcy Code results from an intentional act, i.e., the filing of a petition by a person or entity seeking protection of the bankruptcy laws. This is clearly different from the cases involving statutory conditions precedent to the institution of suit. While the automatic bankruptcy stay can be lifted on motion of a claimant, and here plaintiff successfully moved for such relief only months after the filing with respect to the City Action, but did not do so for 17 months with respect to the mortgage claim involved herein, nevertheless it is concluded, under the plain language of section 204, that the filing of the petition under chapter 11 by the Owner resulted in a *269 tolling for the entire period of the stay specifically imposed by the Bankruptcy Code. There is nothing in the wording of section 204 or in the case law that warrants the restricted interpretation advanced by the Owner.
“Lastly on this issue, it is noted that while section 108 of the Bankruptcy Code (11 USC) provides a toll of a Statute of Limitations that expired during the operation of a stay for a period of 30 days after the termination thereof, that Federal statute has no relevance to the issue of whether section 204 creates a toll under State law upon the filing of a bankruptcy petition (see generally, Aslanidis v United States Lines, 7 F3d 1067 [2d Cir 1993]).”
Here, defendant does not dispute that the bankruptcy stay tolled the Statute of Limitations for the period of the stay pursuant to CPLR 204 until the case was “closed.” Rather, defendant Shepherds Beach, Inc. contends that the bankruptcy case was closed on May 31, 1995 with a final decree closing Ellen C. Oliver’s bankruptcy case issued on August 9, 1995. A copy of the abstract of the bankruptcy proceeding attested to as a “true copy” by the Deputy Clerk of the Bankruptcy Court confirms said closure on August 9, 1995. Thus, the Statute of Limitations was tolled by the length of the automatic stay of 11 USC § 362 from January 27, 1994 to May 31, 1995, one year, four months and four days beyond the actual six-year limitation imposed by CPLR 214. Plaintiff was thus required to commence its action within seven years, four months and four days after the alleged January 1, 1992 breach, that is, by May 4, 1999. Plaintiff did not commence its action until August 19, 1999 which is seven years, seven months and 14 days after the alleged break. Defendant therefore contends that plaintiffs complaint was interposed three months and 14 days after the tolling provisions of CPLR 204 (a) and 11 USC § 362 (c).
However, plaintiff insists that the bankruptcy was not “finally closed” until January 16, 1998. A review of the transcript of the bankruptcy proceeding reflects that the order of the Bankruptcy Court to “reopen a closed case” was granted “solely for the purpose of docketing this order without the need for further fees or proceedings.” From August 9, 1995, the date the Bankruptcy Court closed the case, to July 17, 1997, the date the Bankruptcy Court permitted the case to be “reopened,” there was no stay in effect. Notwithstanding the foregoing, from July 17, 1997, when the Bankruptcy Court granted the order to reopen the case, to the date of the order it was re-closed, January 16, 1998, this court opines that the automatic *270 stay provisions of 11 USC § 362 were again invoked until the case was finally “closed.” (See, Zuckerman v 234-6 W. 22 St. Corp., supra.) Thus, this additional six-month toll is added to the tolling provisions of CPLR 204 and plaintiff had seven years, 10 months and four days from January 1, 1992 to commence its action, that is, until October 14, 1999. Inasmuch as plaintiff commenced its action on August 19, 1999, the action is timely.
Accordingly, the court opines that the reopening of the bankruptcy case again invoked the automatic stay provisions of 11 USC § 362 to the extent that the Statute of Limitations was tolled pursuant to CPLR 204 until the bankruptcy case was “reclosed.” Plaintiff interposed its complaint within the Statute of Limitations and the motion must be denied.