■ Surjit S. Saini et al., Respondents, v Cinelli Enterprises, Inc., Formerly Known as Len-Cin Enterprises, Inc., Appellant, et al., Defendants. [733 NYS2d 824] —Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered August 24, 2000 in Schenectady County, which denied a motion by defendant Cinelli Enterprises, Inc., to dismiss the complaint against it as barred by the Statute of Limitations.

Plaintiffs commenced this foreclosure action against defendant Cinelli Enterprises, Inc. (hereinafter defendant) and others on October 6, 1999 seeking to recover on a note executed by defendant on February 5, 1979 evidencing a loan of $225,000 secured by a mortgage in the same amount on property located in the Town of Rotterdam, Schenectady County. Plaintiffs are the assignees of the note and mortgage. A previous foreclosure action (hereinafter the first action) commenced by plaintiffs' predecessor in interest had been dismissed by order of Supreme Court (Viscardi, J.) dated January 5, 1997, on consent of all parties. Defendant moved to dismiss the complaint in this action asserting, among other defenses, that it is barred by the six-year Statute of Limitations applicable to mortgage foreclosure actions as set forth in CPLR 213 (4), which began to run on the date that plaintiffs' predecessor in interest commenced the first action in 1990.

Supreme Court denied defendant's motion, orally ruling that the Statute of Limitations had been renewed or extended by

payments made by the court-appointed receiver to plaintiffs' predecessors, as well as by defendant's 1997 consent to the discontinuance of the first action and listing of the mortgage debt in its 1997 bankruptcy petition. On defendant's appeal we reverse, finding that plaintiffs' action is barred by the Statute of Limitations (*see*, CPLR 213 [4]).

The Statute of Limitations in a mortgage foreclosure action begins to run six years from the due date for each unpaid installment or the time the mortgagee is entitled to demand full payment, or when the mortgage has been accelerated by a demand or an action is brought (*see*, *Serapilio v Staszak*, 255 AD2d 824; *Loiacono v Goldberg*, 240 AD2d 476, 477; *Pagano v Smith*, 201 AD2d 632, 633). Here, defendant claims—and plaintiffs have not disputed—that the six-year Statute of Limitations began to run no later than May 22, 1990, the date plaintiffs' predecessors filed the notice of pendency and commenced the first action.* Contrary to plaintiffs' contentions which Supreme Court adopted, the partial payments made by the court-appointed receiver to plaintiffs' predecessors in 1993 and 1994 did not renew the Statute of Limitations pursuant to General Obligations Law § 17-107. In order for a partial payment to extend or renew the Statute of Limitations, the creditor must show that there was a payment by the debtor or the debtor's agent of an admitted debt, made and accepted as such, "accompanied by circumstances amounting to an absolute and unqualified acknowledgment *by the debtor* of more being due, from which a promise may be inferred to pay the [remaining balance]" (*Crow v Gleason*, 141 NY 489, 493 [emphasis supplied]; *see*, *Petito v Piffath*, 85 NY2d 1, 8, *cert denied* 516 US 864; *Roth v Michelson*, 55 NY2d 278, 281; *Morris Demolition Co. v Board of Educ.*, 40 NY2d 516, 521; *Commissioners of State Ins. Fund v Warner*, 156 AD2d 131; *New York State Higher Educ. Servs. Corp. v Muson*, 117 AD2d 947, 947-948; *see also*, 78 NY Jur 2d, Mortgages and Deeds of Trust, § 446; 75A NY Jur 2d, Limitations and Laches, § 349).

Here, the two payments to plaintiffs' predecessor were made by the receiver in 1993 and 1994 during the pendency of the first action; they were not made by defendant or its authorized agent (*see*, *Security Bank v Finkelstein*, 160 App Div 315, 320, *affd* 217 NY 707; *see also*, *Brooklyn Bank v Barnaby*, 197 NY 210; *cf.*, *New York State Higher Educ. Servs. Corp. v Muson*, *supra*). Clearly, these payments did not constitute any kind of acknowledgment *by defendant* of a remaining debt nor did they

---

* Plaintiffs do not allege a default date in their complaint, although defendant's last payment appears to have been in 1989.

support inferring a promise by defendant to pay any balance (*see, Morris Demolition Co. v Board of Educ., supra*, at 521-522; *Flynn v Flynn*, 175 AD2d 51, 51-52, *lv denied* 78 NY2d 863; *cf., Skaneateles Sav. Bank v Modi Assocs.*, 239 AD2d 40, 43, *lv denied* 92 NY2d 803; *National Heritage Life Ins. Co. in Liquidation v Hill St. Assocs.*, 262 AD2d 378; *Lorenzo v Bussin*, 7 AD2d 731, *affd* 7 NY2d 1039). Thus, these payments by the receiver did not revive or extend the Statute of Limitations.

Likewise, the payment by the receiver of $51,841.53 to plaintiffs' predecessor pursuant to the order of Supreme Court dated November 15, 1997 which discontinued the first action did not constitute a partial payment *by defendant* or its authorized agent that had the effect of renewing or extending the Statute of Limitations (*see*, General Obligations Law § 17-1707). The 1997 court order discontinuing the first action directed the receiver to pay the balance of the proceeds collected to the holder of the mortgage at that time. While defendant consented to this provision of the discontinuance, thereby acknowledging that the mortgagee and not defendant was entitled to the rents collected, this consent was not "accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of *more being due*, from which a promise may be inferred *to pay the remainder*" (*Morris Demolition Co. v Board of Educ.*, 40 NY2d 516, 521, *supra* [emphasis supplied]; *see, Crow v Gleason, supra*, 141 NY 489, 493, *supra*).

With regard to the claimed effect of defendant's bankruptcy filing on the Statute of Limitations, we find that it neither renewed nor tolled the six-year Statute of Limitations. The first action had been discontinued prior to the time that defendant filed its bankruptcy petition in December 1997 and the bankruptcy petition was dismissed in December 1998, long before this second foreclosure action was commenced and, thus, the bankruptcy proceeding never operated to toll a pending foreclosure action (*see, Zuckerman v 234-6 W. 22 St. Corp.*, 167 Misc 2d 198; 11 USC § 362; *cf., Zuckerman v 234-6 W. 22 St. Corp.*, 267 AD2d 130, *lv denied* 94 NY2d 764). Also, the fact that defendant listed this mortgage on its schedule of secured claims on its disclosure statement to its bankruptcy petition did not constitute a promise to pay the mortgage so as to renew or extend the Statute of Limitations but, rather, signified defendant's intent not to pay it (*see, Filigree Films Pension Plan v CBC Realty Corp.*, 229 AD2d 862, 863; *Petito v Piffath*, 85 NY2d 1, 9, *supra; Morris Demolition Co. v Board of Educ., supra*, at 521; *Crow v Gleason, supra*, at 493; *see also, Federal*

*Deposit Ins. Corp. v Cardona*, 723 F2d 132, 137; *Matter of Povill*, 105 F2d 157, 160; *cf.*, *Albin v Dallacqua*, 254 AD2d 444, 445). Bankruptcy Court dismissed defendant's petition without endorsing any inconsistent position that the note or mortgage were defendant's valid debts and, thus, principles of judicial estoppel do not preclude defendant's reliance on the Statute of Limitations defense in this action (*see*, *McIntosh Bldrs. v Ball*, 264 AD2d 869, 870; *Koch v National Basketball Assn.*, 245 AD2d 230, 231; *Prudential Home Mtge. Co. v Neildan Constr. Corp.*, 209 AD2d 394, 395; *see also*, *Bates v Long Is. R. R. Co.*, 997 F2d 1028, 1038, *cert denied* 510 US 992).

Accordingly, since neither the court-appointed receiver's payment of rents and profits to plaintiffs' predecessors in interest nor the listing of the debt in the bankruptcy proceeding extended or renewed the Statute of Limitations, plaintiffs' foreclosure action—commenced in October 1999—should have been dismissed as untimely (*see*, CPLR 213 [4]).

Cardona, P. J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and complaint dismissed against defendant Cinelli Enterprises, Inc.