■ MICHAEL ERDHEIM, Appellant-Respondent, v WILLIAM GELFMAN, Respondent-Appellant. [757 NYS2d 320] —In an action to recover payment for legal services rendered, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered January 9, 2002, as denied his cross motion for summary judgment, and the defendant cross-appeals from so much of the same order as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In 1998 the plaintiff commenced the instant action to recover payment for legal services, having completed performing those services for the defendant and having provided the defendant with a statement of the account more than seven years earlier. The statute of limitations for both the account stated and quantum meruit causes of action is six years (*see* CPLR 213 [2]; *Stewart v Stuart,* 262 AD2d 396 [1999]).

There are two ways in which the statute of limitations may be tolled. One involves part payment of the debt and the other

a signed acknowledgment. As to part payment, the statute will be tolled if the creditor demonstrates that it was "payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (*Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 521 [1976]). As to a written acknowledgment, pursuant to General Obligations Law § 17-101, the statute of limitations will be tolled by a signed written acknowledgment of an existing debt which contains nothing inconsistent with an intention on the part of the debtor to pay it (*id.*).

As to part payment, there is no evidence that the defendant made payments on the purported account stated in "late 1992, 1993" as the plaintiff claims. The plaintiff appears to be relying upon the defendant's responses to interrogatories to support this contention, but those responses are not sufficient to trigger the toll. While it is true that the defendant itemizes eight payments, all of them were made more that six years before this suit was commenced. Moreover, there is nothing in the responses that can be interpreted as an absolute and unqualified acknowledgment by the defendant of more money being due.

The plaintiff also contends that the statute was tolled by virtue of a written acknowledgment of the debt. In September 1991 the plaintiff and the defendant had a conversation regarding the outstanding amount of a loan that the plaintiff owed to the defendant's deferred contribution plan, and the outstanding amount of legal fees that the defendant owed to the plaintiff. The discussion, which the defendant taped, did not result in an agreement that satisfied either of the parties as to the debts. The parties agree that the tape of this discussion was later transcribed. The plaintiff contends that this transcription, allegedly made by the defendant within six years of the commencement of this suit, tolled the statute of limitations because it serves as a written acknowledgment of the debt owed. The Supreme Court found this to be a question of fact, but we hold that it fails, as a matter of law, to satisfy the requirement for tolling the statute (*see* General Obligations Law § 17-101).

Assuming that the subject discussion included an admission of a debt by the defendant and that the transcription was signed by him within the required period, the only thing he has thereby acknowledged is that the 1991 discussion took place and that the transcript is a true representation of the tape of that discussion. The fact that in 1991 the defendant

believed he might owe the plaintiff some unagreed-upon amount of money after their debts were adjusted, does not show that at the time he signed the transcript he still believed a debt existed.

The plaintiff's other contentions being without merit, summary judgment is granted to the defendant and the complaint is dismissed. Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.