Wells Fargo Bank N.A. v Grover (2018 NY Slip Op 07219)





Wells Fargo Bank N.A. v Grover


2018 NY Slip Op 07219


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

526095

[*1]WELLS FARGO BANK N.A. SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA N.A., Formerly Known as NORWEST BANK MINNESOTA N.A., RENAISSANCE HOME EQUITY LOAN ASSET-BACKED CERTIFICATES SERIES 2002-1, Respondent,
v
WILLIAM P. GROVER, Appellant, et al., Defendants.

Calendar Date: September 12, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for appellant.
Hinshaw & Culbertson LLP, New York (Dana B. Briganti of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Faughnan, J.), entered April 19, 2017 in Tompkins County, which, among other things, denied William P. Grover's motion for summary judgment dismissing the complaint against him.
In 2002, defendant William P. Grover (hereinafter defendant) borrowed a sum of money from plaintiff's predecessor in interest and executed a note secured by a mortgage on property in the City of Ithaca, Tompkins County. In February 2009, plaintiff commenced a foreclosure action arising from defendant's failure to pay the mortgage installment due in May 2008. In April 2013, plaintiff moved to voluntarily discontinue the 2009 action without prejudice, as it could not verify the validity of the execution or notarization of all the documents that had been filed. Plaintiff also sought to cancel the notice of pendency and to discharge the referee. Supreme Court (Mulvey, J.) granted the motion in its entirety.
In January 2016, plaintiff commenced this foreclosure action based upon defendant's continued failure to make payments. After joinder of issue, defendant moved for summary judgment dismissing the complaint against him, asserting that the action was time-barred. Plaintiff cross-moved for summary judgment and an order of reference. Supreme Court (Faughnan, J.) found that the action was timely because the voluntary discontinuance of the 2009 action had brought about a revocation of the acceleration of the debt that had resulted from the [*2]commencement of that action and, thus, denied defendant's motion and granted plaintiff's cross motion. Defendant appeals.
We affirm, albeit on grounds different from those upon which Supreme Court based its decision. A debtor's partial payment toward a mortgage debt may renew the statute of limitations in a foreclosure action if the creditor "show[s] that there was a payment by the debtor or the debtor's agent of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remaining balance" (Saini v Cinelli Enters., 289 AD2d 770, 771 [2001] [internal quotation marks, brackets and citations omitted], lv denied 98 NY2d 602 [2002]; see General Obligations Law § 17-107 [1], [2] [b]; Petito v Piffath, 85 NY2d 1, 7 [1994]; see generally Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]). We find that plaintiff demonstrated its entitlement to judgment as a matter of law on the ground that defendant made partial payments against the mortgage debt under circumstances sufficient to renew the statute of limitations and thus render this action timely.
Plaintiff submitted evidence that, while the 2009 action was pending, defendant entered into an agreement to make three reduced mortgage payments during a trial period under a federal mortgage debt relief program known as the Home Affordable Mortgage Program (hereinafter HAMP), and that he then made payments due in September and October 2010, but failed to make the third payment. The purpose of HAMP, which was established in response to the 2008 mortgage foreclosure crisis pursuant to the Emergency Economic Stablization Act of 2008 (12 USC § 5201 et seq.), was to "provide relief to borrowers who have defaulted on their mortgage payments or who are likely to default by reducing mortgage payments to sustainable reduced levels, without discharging any of the underlying debt" (US Bank N.A. v Sarmiento, 121 AD3d 187, 197-198 [2014] [internal quotation marks and citation omitted]). As part of the process of obtaining a HAMP mortgage modification, eligible borrowers agreed to make three reduced payments during a trial period; if these payments were made and all other requirements were satisfied, the process resulted in the permanent modification of the mortgage [FN1]. A borrower entering into a HAMP agreement was required, among other things, to acknowledge that he or she was unable to afford mortgage payments and was in default or in danger of default, that partial payments under the HAMP agreement did not cure the borrower's default, and that the provisions of the underlying note and mortgage "remain[ed] in full force and effect" (Thomas v JPMorgan Chase & Co., 811 F Supp 2d 781, 787-788 [SD NY 2011]; see US Bank N.A. v Sarmiento, 121 AD3d at 197-199). Thus, a borrower who entered into a HAMP agreement necessarily admitted the existence of the underlying debt, acknowledged that more payments were due, and made an implied promise to pay them in consideration of the modification of the mortgage.
The contract documents that defendant executed when he entered into the HAMP agreement are not part of the record on this appeal [FN2]. However, partial payment and an implied promise to pay the remainder may be proven by extrinsic evidence, such as canceled checks or a borrower's admissions (see Education Resources Inst., Inc. v Piazza, 17 AD3d 513, 514 [2005]; Costantini v Bimco Indus., 125 AD2d 531, 531 [1986]; Bernstein v Kaplan, 67 AD2d 897, 897 [1979]).
Here, plaintiff met its prima facie burden on its cross motion for summary judgment by submitting the note and mortgage and evidence of defendant's default (see e.g. Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1075-1076 [2017]), as well as evidence that the action was [*3]timely because of defendant's payments under the HAMP agreement. The burden thus shifted to defendant to submit admissible evidence demonstrating the existence of an issue of fact as to his defense of untimeliness (see generally HSBC Bank USA, N.A. v Szoffer, 149 AD3d 1400, 1400-1401 [2017]). He did not do so. Instead, he conceded the facts relative to the HAMP agreement and resulting payments. He further submitted related documents that included copies of his cashier's checks for these payments, one of which bore the identifying number of the mortgage loan. Moreover, he conceded that the payments were credited against the mortgage debt. Defendant's self-serving argument that he did not intend to make these payments against the mortgage debt, but instead against a purported separate indebtedness established by the HAMP agreement, is unsupported by any proof of such an indebtedness. It is further belied by the nature and purpose of HAMP agreements. As previously noted, these agreements do not establish any new indebtedness and serve the sole purpose of modifying existing mortgages [FN3]. Accordingly, plaintiff established as a matter of law that this action was timely commenced, as defendant's 2010 partial payments were made under circumstances that constituted an unqualified acknowledgment that more was due and from which a promise could be inferred to pay the balance (see National Heritage Life Ins. Co. in Liquidation v Hill St. Assoc., 262 AD2d 378, 378 [1999]; compare Saini v Cinelli Enters., 289 AD2d at 771-772; see also Mundaca Inv. Corp. v Rivizzigno, 247 AD2d 904, 906 [1998]). Further, defendant failed to meet his prima facie burden on his motion for summary judgment dismissing the complaint to establish that this action is untimely (compare Bank of N.Y. Mellon v Slavin, 156 AD3d at 1073-1074). Plaintiff's cross motion for summary judgment was properly granted, and defendant's motion for summary judgment was properly denied.
As for the second issue argued by the parties — whether plaintiff's voluntary discontinuance of the 2009 action revoked the acceleration of the mortgage, such that the action was timely commenced — no appellate court in New York had ruled upon that issue when Supreme Court found that the acceleration of defendant's mortgage debt had been revoked. We note that, thereafter, the Second Department ruled on the issue in a matter involving somewhat similar facts (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1070 [2017]). However, in view of our determination that defendant's partial payments rendered the action timely, we need not address the revocation issue.
McCarthy, Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Because defendant did not make the third reduced payment, no HAMP modification of the underlying mortgage was obtained.

Footnote 2: A separate forbearance agreement, executed by defendant in 2008, appears in the record but was no longer in effect at the pertinent time and is not relevant here.

Footnote 3: For this reason, we are unpersuaded by defendant's argument that a notice of intent to terminate the HAMP agreement sent to him after he failed to make the third payment constitutes proof of a separate indebtedness simply because it lists the amount of the unpaid HAMP installment separately from the amount due under the original note.