McNeary v Charlebois (2019 NY Slip Op 01468)





McNeary v Charlebois


2019 NY Slip Op 01468


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526610

[*1]FREDERICK J. McNEARY, Respondent,
v
CLAUDE CHARLEBOIS, Appellant.

Calendar Date: January 9, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


King, Adang, Arpey, Strickland & Thompson, LLP, Saratoga Springs (Anthony P. Adang of counsel), for appellant.
Pentkowski, Pastore & Freestone, Clifton Park (Michael J. Hutter of Powers & Santola, LLP, Albany, of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (R. Sise, J.), entered June 22, 2017 in Saratoga County, which, upon reargument, adhered to its prior decision, among other things, granting plaintiff's motion for summary judgment.
Defendant alleges that, in October 2000, he delivered $107,500 to Richard Saxton — an accountant used by both plaintiff and defendant — with the understanding that the funds were to be given to plaintiff as a short-term personal loan. The loan was evidenced by a mortgage note executed by plaintiff, which stated that the debt was to be repaid in full at an annual interest rate of 14% on March 23, 2001, and was secured by a mortgage on certain real property owned by plaintiff in Saratoga County. In August 2012, plaintiff commenced an action against defendant seeking the cancellation of the mortgage on the basis that he "did not knowingly make, execute or deliver the . . . mortgage or any bond which it purports to secure" and that, therefore, the mortgage was "wholly void and unenforceable." Defendant interposed an answer and, on October 17, 2012, commenced a separate action against plaintiff seeking to foreclose on the mortgaged real property. Plaintiff answered and asserted various affirmative defenses, including that defendant's claim was foreclosed by the statute of limitations. The two actions were subsequently consolidated and defendant's complaint was deemed to be his counterclaim.
In 2015, following discovery, plaintiff moved for summary judgment dismissing defendant's counterclaim and canceling and discharging the mortgage on his real property. Defendant opposed the motion and cross-moved for summary judgment foreclosing on the mortgage and dismissing plaintiff's complaint. Finding that defendant failed to seek foreclosure on the mortgaged real property within the six-year statute of limitations (see CPLR 213 [4]), Supreme Court granted plaintiff's motion, denied defendant's cross motion and directed the cancellation and discharge of the mortgage. Supreme Court thereafter granted defendant's motion to reargue, but, upon reargument, adhered to its initial determination. Defendant now appeals.
As relevant here, the six-year statute of limitations applicable to a mortgage foreclosure action begins to run on the date on which the mortgagee is entitled to demand full payment of the loan (see CPLR 213 [4]; Pidwell v Duvall, 28 AD3d 829, 831 [2006]; Saini v Cinelli Enters., 289 AD2d 770, 771 [2001], lv denied 98 NY2d 602 [2002]). Under the terms of the mortgage note purportedly executed by plaintiff here, defendant was entitled to demand full payment of the debt on March 23, 2001. However, defendant did not seek to foreclose on the mortgage until October 2012, well beyond the six-year limitations period. Accordingly, plaintiff demonstrated his prima facie entitlement to summary judgment dismissing defendant's mortgage foreclosure counterclaim as time-barred (see Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1073-1074 [2017]; cf. Wendover Fin. Servs. v Ridgeway, 137 AD3d 1718, 1719 [2016], lv denied 140 AD3d 1715 [2016]), thereby shifting the burden to defendant to "raise a question of fact as to whether the statute of limitations ha[d] been tolled or was otherwise inapplicable, or whether the action was actually commenced within the [statute of limitations] period" (Krog Corp. v Vanner Group, Inc., 158 AD3d 914, 916 [2018]; see State of N.Y. Higher Educ. Servs. Corp. v Starr, 158 AD2d 771, 771 [1990]).
To defeat plaintiff's prima facie showing, defendant relied on the common-law, partial payment exception to the statute of limitations, which, if proven, has the effect of extending or renewing the statute of limitations period (see Crow v Gleason, 141 NY 489, 493 [1894]; Saini v Cinelli Enters., 289 AD2d at 771; New York State Higher Educ. Servs. Corp. v Muson, 117 AD2d 947, 947-948 [1986]). As the creditor, defendant bore the burden of establishing the applicability of this exception, which requires proof that "there was a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]; see Crow v Gleason, 141 NY at 493; Saini v Cinelli Enters., 289 AD2d at 771; New York State Higher Educ. Servs. Corp. v Muson, 117 AD2d at 947-948). If the exception is established, the statute of limitations begins to run anew from the date of the partial payment (see U.S. Bank N.A. v Martin, 144 AD3d 891, 892 [2016]; Bernstein v Kaplan, 67 AD2d 897, 898 [1979]).
For defendant's foreclosure counterclaim to have been timely commenced, a qualifying partial payment must have been made by plaintiff on or after October 17, 2006. To that end, defendant relied on his own affidavit and deposition testimony, as well as an affidavit from plaintiff and deposition testimony given by Saxton. By affidavit, defendant averred that he and Saxton met with plaintiff "in late September or early October 2006," that plaintiff stated that he would repay the loan "as early as he possibly could" and that, a "few days" later, Saxton delivered him a check from plaintiff in the amount of $2,500. At his deposition, defendant testified that the meeting with plaintiff took place in the fall of 2006 and that he received an installment payment "[w]ithin a couple weeks, a short time" thereafter. Neither plaintiff nor Saxton provided a more specific time frame as to when the meeting — the substance of which plaintiff disputed — or the alleged payment occurred. Plaintiff merely stated that he was approached by defendant and Saxton "[s]ometime in or about the year 2006," and Saxton testified that the meeting occurred in the fall of 2006.
Defendant argues that the foregoing evidence presents a factual question as to whether the alleged partial payment occurred on, before or after October 17, 2006 and that such factual issue should have precluded summary judgment dismissing his foreclosure counterclaim as time-barred. We disagree. What defendant purports to be a factual issue is actually a lack of proof — in particular, defendant's inability to recall precisely when the alleged events took place or to otherwise offer evidence to fill in the gaps of his memory (see e.g. Park Assoc. v Crescent Park Assoc., 159 AD2d 460, 462 [1990]; New York State Higher Educ. Servs. Corp. v Muson, 117 AD2d at 948-947). Accordingly, as it was clear from the proof that defendant could not satisfy his burden of establishing the applicability of the exception, Supreme Court properly granted plaintiff's motion for summary judgment.
Egan Jr., J.P., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.