Deutsche Bank Natl. Trust Co. v DeGiorgio (2019 NY Slip Op 02595)





Deutsche Bank Natl. Trust Co. v DeGiorgio


2019 NY Slip Op 02595


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

526949

[*1]DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, Respondent,
v
NICOLE DeGIORGIO et al., Appellants, et al., Defendants.

Calendar Date: February 11, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Law Office of Carl E. Person, New York City (April Forbes of counsel), for appellants.
Sandelands Eyet LLP, Bedminster, New Jersey (Mindy Kallus of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered June 27, 2017 in Ulster County, which, among other things, denied defendant's cross motion for summary judgment.
In 2006, defendants Nicole DeGiorgio and Pasquale DeGiorgio (hereinafter collectively referred to as defendants) executed a promissory note with plaintiff's predecessor in interest secured by a mortgage on real property located in Ulster County. In August 2008, the mortgage was assigned to plaintiff who immediately commenced a foreclosure action, which accelerated the underlying debt, and filed a notice of pendency. Supreme Court subsequently granted a motion for summary judgment by plaintiff and appointed a referee to ascertain the amount that defendants owed to plaintiff. In October 2011, Pasquale DeGiorgio filed a Chapter 13 bankruptcy petition and, in September 2012, Bankruptcy Court dismissed his petition. In May 2014, plaintiff sought leave to discontinue the 2008 foreclosure action and cancel the notice of pendency. In June 2014, Supreme Court discontinued the action, struck Pasquale DeGiorgio's answer, vacated the summary judgment order and discharged the duties of the referee.
In April 2015, plaintiff commenced this second foreclosure action (hereinafter 2015 foreclosure action). Defendants answered plaintiff's complaint and asserted affirmative defenses, including that the action was time-barred and that plaintiff lacked standing. Plaintiff thereafter moved for summary judgment. Defendants opposed the motion and cross-moved for dismissal [*2]of the complaint, which plaintiff opposed [FN1]. Supreme Court granted plaintiff's motion and denied defendants' cross motion. Defendants now appeal, arguing that their cross motion should have been granted.
We turn first to defendants' contention that the 2015 foreclosure action is barred by the statute of limitations. We disagree. "The six-year statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment unless the debt has been accelerated; once the debt has been accelerated by a demand or commencement of an action, the entire sum becomes due and the statute of limitations begins to run on the entire mortgage" (Lavin v Elmakiss, 302 AD2d 638, 639 [2003] [citations omitted], lv dismissed 100 NY2d 577 [2003]; see Bank of Am., N.A. v Luma, 157 AD3d 1106, 1106-1107 [2018]). "The filing of a petition for protection under the Bankruptcy Code imposes an automatic stay of any mortgage foreclosure actions. CPLR 204 (a) provides that where the commencement of an action has been stayed by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced. Pursuant to CPLR 204 (a), the Bankruptcy Code's automatic stay tolls the limitations period for foreclosure actions" (Lubonty v U.S. Bank N.A., 159 AD3d 962, 963-964 [2018] [internal quotation marks, brackets, ellipsis and citations omitted], lv granted 32 NY3d 903 [2018]).
Here, the statute of limitations began to run in August
2008 when plaintiff commenced the first foreclosure action and elected to accelerate the underlying debt; therefore, any other actions on the mortgage, including a second foreclosure action, would had to have been commenced by August 2014 (see CPLR 213 [4]; Bank of Am., N.A. v Luma, 157 AD3d at 1106-1107; Lavin v Elmakiss, 302 AD2d at 639). However, when Pasquale DeGiorgio filed for bankruptcy in October 2011, the statute of limitations period was tolled until September 2012 when his bankruptcy petition was dismissed, therefore ending that proceeding (see Lubonty v U.S. Bank N.A., 159 AD3d at 964; Mercury Capital Corp. v Shepherds Beach, 281 AD2d 604, 605 [2001]). Thus, when plaintiff commenced the 2015 foreclosure action, it was timely [FN2]. Further, we find defendants' reliance on Saini v Cinelli Enters. (289 AD2d 770, 772 [2001], lv denied 98 NY2d 602 [2002]) to be misplaced. In Saini, an initial foreclosure action was commenced against the defendant in 1990 and dismissed in 1997, the defendant filed for bankruptcy in 1997 and then a subsequent foreclosure action was commenced against it in 1999, which was already time-barred, and the 1997 bankruptcy did not revive it (id. at 770-772). Saini differs from this case because, here, Pasquale DeGiorgio filed for bankruptcy while the first foreclosure action was pending and before the six-year statute of limitations had run.
We also reject defendants' contention that plaintiff failed to establish standing. "To establish standing, [a] plaintiff [is] required to demonstrate that, at the time that the action was commenced, [it] was the holder or assignee of the mortgage and the holder or assignee of the underlying note" (McCormack v Maloney, 160 AD3d 1098, 1099 [2018] [internal quotation marks and citations omitted], lv dismissed 32 NY3d 1185 [2019]; see Green Tree Servicing LLC v Bormann, 157 AD3d 1112, 1114 [2018]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (U.S. Bank N.A. v Carnivale, 138 AD3d 1220, 1221 [2016] [internal quotation marks and citations omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]).
Here, plaintiff submitted the affidavit of Jerrell Menyweather, a document execution specialist for Nationstar Mortgage LLC, which services the subject mortgage for plaintiff. Menyweather averred that he was personally familiar with the records kept in the ordinary course of business by Nationstar and that, upon reviewing said records, he confirmed that Nationstar, as plaintiff's agent, had physical possession of the original note at the time of his affidavit in December 2015, and the note was previously delivered to plaintiff prior to the commencement of this foreclosure action. Also, plaintiff's 2015 complaint, which contained an attorney verification, provided that "plaintiff is now the sole, true and lawful holder of the said bond/note/loan agreement." Additionally, plaintiff submitted an affidavit of merit by counsel, which provides that, as of the time the action was commenced, she reviewed the pertinent documents, including the note, and that, to the best of her knowledge, information and belief, "plaintiff is currently the creditor entitled to enforce the rights" under the mortgage. Further, the record contains a copy of the consolidated note, which is indorsed in blank demonstrating that plaintiff, as the holder of the note, is entitled to enforce it (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [2015]; Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]). Although "the better practice would have been for plaintiff to submit evidence showing exactly how [it] . . . came into possession of the note, the foregoing evidence [is] sufficient to establish . . . that the note was delivered to plaintiff's [agent] prior to the commencement of this foreclosure action and remained in its possession at the time the action was commenced" (U.S. Bank N.A. v Carnivale, 138 AD3d at 1221 [internal quotation marks and citation omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Deutsche Bank Natl. Trust Co. v. Monica, 131 AD3d at 739—740; compare JP Morgan Chase Bank, N.A. v Hill, 133 AD3d 1057, 1058 [2015]). Defendants' remaining contentions have been examined and are found to be lacking in merit.
Garry, P.J., Lynch, Clark and Devine, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Although defendants cross-moved to dismiss the complaint pursuant to CPLR 3211 (a), defendants had filed an answer and, therefore, their cross motion should have been denominated as one for summary judgment under CPLR 3212 dismissing the complaint on grounds asserted in their answer (see Sager v County of Sullivan, 145 AD3d 1175, 1175 n 1 [2016], lv denied 29 NY3d 902 [2017]).

Footnote 2: In light of the rules regarding stays of an action against a codebtor, plaintiff could not have proceeded independently against defendant Nicole DeGiorgio, despite the fact that she did not file a bankruptcy proceeding (see 11 USC § 1301 [a]). Therefore, the 2015 foreclosure action against her was also timely.