G & Y Maintenance Corp. v Core Cont. Constr. LLC (2023 NY Slip Op 02061)

G & Y Maintenance Corp. v Core Cont. Constr. LLC

2023 NY Slip Op 02061

Decided on April 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 20, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Higgitt, JJ. 

Index No. 652108/20 Appeal No. 24 Case No. 2022-03336 

[*1]G & Y Maintenance Corp., Plaintiff-Appellant,
v
Core Continental Construction LLC, et al., Defendants-Respondents.

Law Office of J. G. Toth, Flushing (Jerry G. Toth of counsel), for appellant.
Levine Singh, LLP, Hicksville (Brian M. Levine of counsel), for respondents.

Order, Supreme Court, New York County (Melissa Crane, J.), entered April 8, 2022, which, to the extent appealed from as limited by the briefs, granted defendants Core Continental Construction LLC and Chunlin Chiang's (s/h/a Chung-Lin Chiang) motion to dismiss the claims for account stated, unjust enrichment, and quantum meruit as against Core and the claims as against Chiang under a veil-piercing theory, unanimously modified, on the law, to dismiss the claims as against Chiang without prejudice, and otherwise affirmed, without costs.
The claim for account stated was time-barred (CPLR 3211[a][5]). "[A] cause of action for an account stated . . . accrues on the date of the last transaction in the account" (Elie Intl., Inc. v Macy's W. Inc., 106 AD3d 442, 443 [1st Dept 2013]). Here, the date of the last transaction was at the latest March 1, 2014 (see id.; Kyer v Ravena Coeymans-Selkirk Cent. School Dist., 144 AD3d 1260 [3d Dept 2016]; Stewart v Stuart, 262 AD2d 396, 397 [2d Dept 1999], lv denied 94 NY2d 753 [1999] ["Since the plaintiff failed to commence an action based upon his account stated within six years after the date upon which he completed his services for the defendant and began mailings of the statements of account, the court correctly concluded that this cause of action is time-barred"]). Similarly, plaintiff's unjust enrichment and quantum meruit claims are time- barred. Further, we find that equitable estoppel is inapplicable here because plaintiff failed to establish how any "specific actions by defendants" prevented it from bringing the instant action until May 2020 (Putter v North Shore Univ. Hosp., 7 NY3d 548, 552 [2006] [internal quotation marks omitted]).
Plaintiffs failed to allege facts sufficient to pierce the corporate veil to hold Chiang (Core's president) liable, as plaintiff set forth only "conclusory allegations merely reciting typical veil-piercing factors" (Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 12 [1st Dept 2016], affd 31 NY3d 1002 [2018]; see also Remora Capital S.A. v Dukan, 175 AD3d 1219, 1220 [1st Dept 2019]; Springut Law PC v Rates Tech. Inc., 157 AD3d 645, 646 [1st Dept 2018]). Furthermore, using one's domination and control to cause another "to breach its contractual obligations . . . is insufficient to pierce the corporate veil" (New York City Waterfront Dev. Fund II, LLC v Pier A Battery Park Assoc., LLC, 206 AD3d 565, 567 [1st Dept 2022]; see also Kahan Jewelry Corp. v Coin Dealer of 47th St. Inc., 173 AD3d 568, 569 [1st Dept 2019]; Skanska, 146 AD3d at 12).
Plaintiff contends that the instant action involves more than a simple breach of contract because Chiang misrepresented that Core would pay plaintiff. However, the amended complaint does not assert a claim for fraud and, even if it did, such a claim would be duplicative of the breach of contract claim (see Remora, 175 AD3d at 1220-1221; Springut, 157 AD3d at 646). Plaintiff knew that it was contracting with Core: it alleges [*2]that it sent a proposal to Core — not Chiang — at Core's request. If plaintiff mistrusted Core's ability to pay, it should have requested a guarantee from Chiang (see Skanska, 146 AD3d at 13).
However, the claims against Chiang should not have been dismissed with prejudice.
We decline to consider the claims that plaintiff attempts to assert against Chiang for the first time on appeal. Plaintiff cannot amend its complaint through its appellate briefs.
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2023